[No. 11165.   Department One. — October 29, 1886.]

JOHN McLAUGHLIN, RESPONDENT, v. HENRY DEL RE ET AL., APPELLANTS.

INJUNCTION — MINING BY HYDRAULIC PROCESS — UNLAWFUL DEPOSIT OF TAILINGS — FINDINGS.— The action was brought by the owner of a placer mining claim, who had appropriated the waters of a certain gulch by means of a ditch and flumes, for the purpose of working his claim, to restrain the defendants from mining by the hydraulic process on the hillside sloping into the gulch, in such a manner as to cause the tailings from their mine to run into and obstruct his ditch. The defendants by their answer averred that for more than twenty years they had possessed and worked their mine, and had used the gulch as a place of deposit for their mining tailings, and that the plaintiff had at his own risk and peril entered upon their claim while they were working it, and constructed his ditch and flumes. The court found in favor of the plaintiff, and rendered judgment as prayed for. *Held*, that the findings were warranted by the evidence, and supported the judgment, and were sufficiently intelligible.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion.

*C. V. Grey, J. B. Reddick,* and *W. T. Lewis,* tor Appellants.

*Ira H. Reed,* for Respondent.

FOOTE, C. — The complaint in this action alleged that the plaintiff, being the owner of a certain placer mining claim, appropriated for the purpose of working the same the waters of a certain creek or gulch, by means of a ditch and flumes, and that while in the use and possession of said ditch, the defendants began mining by the hydraulic process on the hillside sloping into the gulch, whereby large quantities of earth and *debris* were washed down and deposited in the gulch, and ran into and filled up the plaintiff's ditch, and prayed that the defendants be perpetually enjoined from continuing the acts complained of, and for damages which such acts had already occasioned to the plaintiff's property.

Upon the other hand, the defendants, by their answer, claimed that for more than twenty years they had possessed and worked their mining claim, and had used the creek or gulch as a tail-race and receptacle for tailings and *debris,* caused by the working of their mine by said hydraulic process; and that the plaintiff had, at his own risk and peril, entered upon their said claim, while defendants were working it, and constructed his ditch and flumes.

Upon the former hearing of the case before this court, it appeared that it was an action in equity, and that the court below had granted the injunction as prayed for, and rendered judgment for damages upon the verdict of a jury, without having made or filed any findings of fact; whereupon the judgment and an order denying to the defendants a new trial were reversed and the cause remanded, with directions to the trial court to find the

facts upon the testimony already taken, and such further testimony as might be thereafter taken, and to enter an appropriate judgment thereon.   (64 Cal. 473.)

In compliance with such direction, the court below proceeded to take further testimony, and upon it and that which had been formerly taken, and upon the verdict of the jury awarding $470 for damages inflicted on the plaintiff's property by the defendants, filed findings of fact and conclusions of law based thereon, and granted a perpetual injunction restraining the defendants from continuing the acts complained of against them, besides rendering judgment for the plaintiff for the sum of money awarded by the verdict of the jury.   From the judgment and an order denying a new trial the defendants have appealed.

The findings are as follows:—

"1.  That in the year 1862 Patrick Kelly, James Grider, and Michael Carroll were the owners of and in the possession of that certain gravel mining claim described in defendents' answer, and which claim is in the hill and is situated and commences a short distance above the bed of the gulch known as Old Gulch, in Calaveras County, and extending into the hill about eight hundred feet, more or less.

"2.  That on the date last aforesaid, the said Kelly, Grider, and Carroll claimed a portion of said Old Gulch, four hundred feet in length and one hundred feet in width, as a deposit for tailings, dirt, gravel, and *debris* taken out of said claim while working and mining the same; that on the twenty-third day of January, 1862, said last-named parties caused a notice of intention to claim said land as a dump or deposit for said tailings to be recorded in the mining records of the Old Gulch mining district.   A copy of said notice is as follows: 'We, the undersigned, claim the Old Gulch, from the small gulch in which McDermott turns his waste water in from his reservoir, up the said Old Gulch four hundred (400)

feet, for the purpose of depositing our tailings in, and one hundred feet wide.

        (Signed)                    " ' James Grider,
                                    " ' Patrick Kelly,
                                    " ' Michael Carroll.
     " ' Old Gulch, January 23, 1862.'

"3. That the said Kelly, Grider, and Carroll thereafter worked said claim and deposited the tailings therefrom in said gulch claimed by them until the year 1863 or 1864, when they sold and conveyed by bill of sale their interests in said claim and said dump in said gulch to Cyprian J. Agostini.

"4. That said claim thereafter was worked and mined by the said Cyprian J. Agostini and other parties to whom he sold some interests therein, and said dump in said gulch was used as a place of deposit for the tailings from said claim until some time in the year 1867, when the said Cyprian J. Agostini and Francis Agostini became the owners of said claim and said dump by purchase from their copartners, and received from them written bills of sale therefor, and that thereafter they worked said claim and deposited the tailings in said gulch until the twenty-sixth day of October, 1878.

"5. That at and prior to the year 1868, plaintiff was, and ever since has been, the owner of and in the possession of a certain gold placer mining claim, situated in French Gulch, in said Calaveras County; that for the purpose of conveying water to work said claim, plaintiff constructed the ditch and flume mentioned in said complaint, of sufficient capacity to carry three hundred inches of water under a four-inch pressure, and in length over one and one half miles, at a cost of two thousand five hundred dollars.

"6. That said ditch and flume traverses in its course the hillside opposite to the hill in which defendants' claim is situated, along said Old Gulch, and is about ten feet in a perpendicular line and about fifteen feet on

the slope of said hillside, above the bed of said Old Gulch, and that the width of the bed of said gulch is about eighty feet, where plaintiff's ditch and flume traverses the land in controversy.

"7. That from the time of the construction of said ditch and flume in the month of November, 1868, and down to the acts of defendants hereinafter stated, the plaintiff was in the actual, open, and notorious occupation and possession of the land in controversy, upon which said ditch and flume is situated, using and maintaining the same to convey water to his said mining claim; that during all of said time the plaintiff held, used, and maintained said ditch for the purposes aforesaid, continuously and uninterruptedly under a claim of title adversely to the said C. Agostini and F. Agostini, the grantors of the defendants herein.

" 8. That at the time of the construction of said ditch upon the land in controveesy, the said Cyprian Agostini, one of the grantors of defendants, knew of the construction of the same, and made no objection to its construction thereon, and that neither the said Cyprian Agostini, nor his said copartner, the said F. Agostini, at any time thereafter objected to the use of said land upon which said ditch was constructed by the said plaintiff, and never interfered with the use of said ditch over the land in controversy by the plaintiff at any time while they were the owners of said claim, and never deposited, or attempted to deposit, tailings from said claim upon the land occupied by said ditch at any time.

"9. That on the twenty-sixth day of October, 1878, the said Cyprian and F. Agostini by deed sold and conveyed to the defendants all their right, title, and interest in and to said gravel gold-mining claim, and extending into the hill eight hundred feet, and being in width about five hundred feet, and about seven hundred feet of the gulch into which to run the tailings from the claim.

"10. That defendants in working said claim caused great quantities of tailings, dirt, gravel, bowlders, and *debris* to be deposited in said gulch, filling up the same up to and into plaintiff's ditch, filling up the said ditch, and preventing him from using the same in April, 1879; that subsequent thereto the said defendants continued said mining operations, and continued to deposit the tailings from the working of said claim in and upon plaintiff's said ditch, and in and upon his flume, filling up said ditch, and breaking down said flume, thereby preventing plaintiff from running water therein to work his said mining claim, and preventing him from working said claim.

"11. That the plaintiff has sustained damages by reason of the acts of said defendants filling up said ditch up to the month of October, 1880, and in breaking down said flume by the means and manner aforesaid, in the sum of $470.

"12. That the distance is less than one hundred feet from the point where said ditch is filled up, and said flume broken down by said tailings, to the limit of the bed of said gulch on the opposite side of said gulch.

"13. That in the month of April, 1858, at a meeting of the miners residing in Old Gulch, they organized a mining district, known as Old Gulch mining district, and established and defined the boundaries thereof, and adopted a code of laws regulating the mode of locating, and holding the possession of mining claims therein, and elected a mining recorder of said district.

"14. That on the fourteenth day of January, 1867, the following local law was adopted and passed: 'Article 14. All miners shall hold their tailings, and the ground necessary to hold the same, provided they are mining in good faith.'

"15. That at and prior to the year 1862 there was a custom in force in said Old Gulch mining district, permitting the owner of mining claims therein to hold

ground necessary for the deposit of tailings from their claims."

After a careful examination of the whole record, we are of opinion that the evidence, although conflicting, warranted the findings, and that the latter support the judgment, and are sufficiently intelligible.

It also appears evident, as we think, that the court found upon all the material issues made by the pleadings.

As the defendants have suffered from no prejudicial error, the judgment and order should be affirmed.

SEARLS, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing. opinion, the judgment and order are affirmed.

Hearing in Bank denied.