## THE STATE VS. EATON.

*May 26 — June 21, 1893.*

*Divorce: Order for judgment: Marriage of party before judgment entered: Adultery.*

An order for judgment in an action for divorce does not affect the status of the parties so as to render them capable of contracting marriage with others; and if the judgment, when entered, can for any purpose take effect from the date of the order therefor, it cannot operate to make an act a crime which was not so when committed, or, if then a crime, to make it one of a higher grade.

REPORTED from the Municipal Court of *Milwaukee* County. The facts are stated in the opinion.

For the state there was a brief by the *Attorney General* and *J. M. Clancey,* Assistant Attorney General, and oral argument by *Mr. Clancey.*

For the defendant there was a brief by *Geo. E. Sutherland,* and oral argument by *Mr. Sutherland* and *Mr. J. J. Dick.*

LYON, C. J.  The defendant was tried in the municipal court of Milwaukee county on an information charging him with the crime of adultery with one Louise Gray, and was convicted.  To sustain the conviction it was essential that the defendant should have been a married man when the alleged offense was committed.  It is charged in the information that he was then the lawful husband of Letitia Eaton, and it was proved on the trial that before the alleged adultery was committed a marriage ceremony was performed between him and one Letitia Pfleger.  It was also proved that said Letitia had theretofore lawfully intermarried with one Joseph Pfleger, who is still living, and had commenced and prosecuted an action for a divorce against said Joseph in the superior court of Milwaukee county.

That action was tried, and the court filed findings of fact sustaining her cause of action, and ordered that a judgment of divorce and for alimony be entered accordingly. No judgment was entered upon such findings and order until more than two and one-half years later, when judgment was entered as of the date of such findings and order. Before such judgment was entered, the attempted intermarriage between defendant and Letitia occurred.

The judge of the municipal court has duly reported the case to this court for its decision upon the following question: "Was Letitia Pfleger capable of contracting marriage with the defendant at the time the ceremony was performed?" The question must be answered in the negative. An order for judgment is not a judgment. Notwithstanding the order in the Pfleger divorce case, the parties continued to be husband and wife for the two and one-half years and more which intervened after the order was made and before the judgment was actually entered pursuant thereto. If for any purpose the judgment of divorce, when entered, took effect from the date of the order therefor (a proposition not here determined), it could not operate to make an act a crime which was not a crime when committed, or, if then a crime of one grade, to make it a crime of a higher grade. To hold otherwise would be to violate the most fundamental principles of law established for the protection of persons charged with crime. It is unnecessary to cite authorities in support of or to argue so plain a proposition.

*By the Court.*— The question submitted for our decision is answered in the negative, and the municipal court advised to arrest judgment and discharge the defendant. It will be so certified to that court.