ZAHORKA and. others, Appellants, vs. GEITH, Respondent.

*October 10—November 7, 1906.*

(1) *Appeal to supreme court: Notice, how directed and served.* (2) *Appeal from county court: Undertaking.* (3–5) *Divorce: Jurisdiction: Proof of service by publication: Order for publication within reasonable time after affidavit: Neglect to enter judgment after order therefor: Subsequent judgment* nunc pro tunc.

1. The notice of an appeal to the supreme court, under sec. 3049, Stats. 1898, need not be in form directed to the clerk of the circuit court; and the filing of such notice with said clerk is a sufficient service upon him.

2. On appeal from a county court to the circuit court, an undertaking conforming strictly to sec. 4032, Stats. 1898, and approved as to form, amount, and sufficiency of sureties by the county court, was sufficient to give the circuit court jurisdiction, although it did not run "to the judge of the county court" for the security and benefit of all persons interested, under sec. 4013.

3. In an action for divorce, where the mailing of copies of the summons and complaint to defendant had been ordered, the mere fact that an affidavit showing such mailing was not on file did not deprive the court of jurisdiction to order judgment of divorce, where copies had in fact been mailed as ordered and an affidavit showing that fact was subsequently filed.

4. An order for service by publication, under sec. 2640, Stats. 1898, made four days after the making of the affidavit therefor and three days after a return of the sheriff that defendant could not be found, is *held* to have followed such affidavit "within a reasonable time" and to be valid.

5. Where, at the close of the trial of an action for divorce, judgment was "ordered for plaintiff and against defendant," and nothing further was to be done except for the clerk to enter judgment in obedience to such direction, but the clerk failed to perform such duty, a judgment of divorce ordered and entered fourteen years later, *nunc pro tunc* as of the date of said first order for judgment, was binding and effectual in dissolving the marriage as of said date.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

---

---

For the respondent the cause was submitted on the brief of *Nohl, Nohl, Poss & Mangan.*

CASSODAY, C. J.   In the matter of admitting to probate the last will and testament of one Carl Geith, deceased, the question arose whether the defendant was the wife of the testator at the time of his death, and hence whether she was entitled to the rights given to her as widow by the statute.   The county court on February 7, 1905, found as matters of fact that at the time of the testator's death the defendant was his wife, and thereupon adjudged that as his widow she was interested in the matter and a statutory heir at law of said deceased; and the same was thereby declared to be fully and finally established in said matter.   Thereupon the legatees and devisees named in said will and heirs at law of said deceased appealed from such judgment of the county court to the circuit court, whereupon the question whether the defendant was the wife of the testator was retried in the circuit court, and at the close of the trial, and on December 8, 1905, that court found as matters of fact, in effect, that at the time of the testator's death the defendant was his wife, and as his widow was and is an interested party in the probate of such will, and that the case involves the determination as to whether the defendant is the statutory heir of said deceased. As conclusions of law the circuit court found that the defendant was the lawful widow and a statutory heir at law of said deceased and an interested party in the matter of said estate, and her heirship and interest was thereby declared to be fully and finally established; that the order and judgment of the county court be confirmed in each and every respect; and that the defendant was entitled to costs and disbursements against such devisees and their sureties.   Judgment was ordered to be entered accordingly.   From the judgment so entered the heirs at law and legatees and devisees named in said will appeal.

The decision of the case turns upon the question whether the defendant was divorced from her former husband before she married the testator.    It appears from the record and is undisputed that in or about 1870 the defendant married one Aschback, who died soon after; that March 15, 1872 or 1873, the defendant married one Edward Baehr in Germany; that in 1885 the defendant left Baehr and came to the United States, where she has since resided; that June 17, 1890, the defendant began an action for divorce against Baehr in the circuit court on the ground of wilful desertion; that June 18, 1890, the sheriff returned the summons that the defendant therein, Edward Baehr, could not be found; that June 21, 1890, an order was obtained from Judge JOHNSON in such divorce action for the service of such summons by publication; that August 18, 1890, the defendant went through the form of marrying the testator, but there is no claim that such marriage was valid; that on September 6, 1890, the following action by the circuit court, in effect, was taken and entered of record in the divorce action: that the plaintiff, Hermine Bachr, now comes "by her attorneys, and no one appearing for the defendant," Edward Baehr, "he being in default, upon proofs taken in open court judgment is ordered for plaintiff and against defendant."    December 8, 1894, the defendant in this action was married to the testator.

Some time in 1903 the defendant had trouble with the testator and left him.    November 10, 1903, the testator executed a will in which he stated, in effect, that he had married the defendant as his second wife, but that at the time of such marriage she had another husband living in Germany, and hence that his marriage to the defendant was null and void, and that she had left him, and consequently he was at liberty to dispose of his property to his children and grandchildren as therein expressed.    April 15, 1904, the testator died, leaving children by his first wife and grandchildren by some of his deceased children.    May 16, 1904, there was filed in the

divorce action an affidavit duly verified by John M. Clarke, one of the attorneys of record for Mrs. Geith, the plaintiff in that action, wherein it was stated, in effect, that on June 21, 1890, he, as such attorney, deposited in the postoffice in Milwaukee a copy of the summons and complaint on file in that action, securely inclosed in an envelope, the postage duly paid thereon, addressed to the said Edward Baehr at his postoffice at Stargard, Pomerania, Germany, and left the same there to be carried without any direction to the postal officers upon such wrapper for the return thereof in case of nondelivery to the person addressed. Said Clarke further therein stated that he was informed and verily believed that before September 6, 1890, he duly filed with the clerk of said circuit court a proper affidavit showing such service by mailing; and that before September 6, 1890, the said Edward Baehr was duly and properly served by publishing the summons and by mailing the summons and complaint as above stated, all in accordance with the order of the court in the divorce action. May 19, 1904, an order was made by the court and entered in said divorce action, which, with the recitals therein, is as follows:

"Upon the records and files in the above-entitled action, Nohl & Nohl appearing as attorneys for the plaintiff, no one appearing to oppose, on the testimony of plaintiff and other witnesses taken in open court May 16 and May 18, 1904, in addition to the proofs of the allegations of the complaint heretofore taken in open court before this court, it satisfactorily appearing from such testimony, proof, and the orders heretofore made in the above-entitled action that the summons and complaint in the above-entitled action have been duly served on the above-named defendant, and that no answer or demurrer to the complaint has been served on the plaintiff or any person representing her as attorney; that due proofs of service of such summons and complaint on the defendant have been made; that the allegations set forth in the complaint have been duly proven; that the plaintiff has resided in the state of Wisconsin more than one year immediately preced-

ing the commencement of the above-entitled action; that the defendant has been guilty of wilful desertion of the plaintiff for more than one year immediately preceding the commencement of this action, and has failed to support the plaintiff for a period of five years immediately before the commencement of this action and ever since, the action having been submitted to the court, now, upon motion of Nohl & Nohl as attorneys for the plaintiff, it is ordered that the marriage contract existing between the plaintiff and the defendant be and hereby is dissolved, and said plaintiff, Hermine Baehr, and said defendant, Edward Baehr, be and they hereby are forever divorced from the bonds of matrimony and freed from the obligations thereof *nunc pro tunc* as of the 6th day of September, 1890. Let judgment be entered accordingly."

Thereupon, and on said May 19, 1904, judgment was entered in said divorce action, as follows:

"This action having been at issue and having been heard before the above-named court, and the order of the court having been made and entered wherein and whereby the court orders judgment for the plaintiff and against the defendant, now, upon motion of Nohl & Nohl, attorneys for the plaintiff, it is hereby adjudged and decreed that the marriage contract existing between the plaintiff and the defendant be and hereby is dissolved; and it is further adjudged and decreed that said Hermine Baehr and said defendant, Edward Baehr, be and they hereby are forever divorced from the bonds of matrimony and freed from the obligations therein *nunc pro tunc* as of the 6th day of September, 1890.

"By the court:                    A. A. WIEBER, Clerk."

1. The claim on the part of the defendant that the notice of appeal to this court is insufficient and gives no jurisdiction because it is not in form directed to the clerk of the circuit court as well as her attorneys, is without foundation. The section of the statute relied upon does not require that it should be so directed, but simply that such notice shall be served "on the adverse party and on the clerk of the court in which the judgment or order appealed from is entered."

Sec. 3049, Stats. 1898. The notice in question was duly filed with the clerk, and must therefore be deemed to have been served upon him. There is no claim that it was not duly served on the defendant's attorneys.

So the claim made under sec. 4013 of the Statutes, that the circuit court did not get jurisdiction because on the appeal from the county court the appellants did not give a bond running "to the judge of the county court" "for the security and benefit of all persons interested," seems to be without merit. That section has no application where the bond or undertaking is "required by law to be taken to the adverse party." Id. Here the controversy was between the heirs at law of Carl Geith, deceased, named as legatees and devisees in his will, and this defendant, claiming to be the lawful widow of said deceased. Such heirs at law, on their appeal from the county court to the circuit court and at the time of filing their notice of appeal, gave and filed with the county court an undertaking wherein they did undertake in the sum of $250 that they would diligently prosecute their appeal to effect and to pay all damages and costs which might be awarded against them on such appeal. That undertaking was "approved as to form, amount, and sufficiency of sureties" by the county court. Such undertaking conformed strictly to the statute. Sec. 4032, Stats. 1898. It was called for by the nature of the controversy and was certainly sufficient to give the circuit court jurisdiction. *C. & J. Michel B. Co. v. Estate of Wightman,* 97 Wis. 657, 73 N. W. 316; *Ellis v. Barron Co.* 111 Wis. 576, 87 N. W. 552; *Kasson v. Estate of Brocker,* 47 Wis. 79, 1 N. W. 418; *Charmley v. Charmley,* 125 Wis. 297, 301, 103 N. W. 1106; *In re Box's Will,* 127 Wis. 264, 106 N. W. 1063.

2. The appellants contend that the circuit court had no jurisdiction September 6, 1890, to order judgment for divorce for the reason that there was not at that time on file therein proof that a copy of the summons and complaint had

been deposited in the postoffice as required by the statute. Subd. 4, sec. 2642, Stats. 1898. The answer to such claim is, as mentioned in the foregoing statement, that such proof consisting of an affidavit of John M. Clarke, one of the attorneys of record in the divorce action, was placed on file therein May 16, 1904, and showed such mailing and posting June 21, 1890. This court has recently held that it is the fact of service and not the mere proof of it that gives the court jurisdiction. *Schmidt v. Stolowski,* 126 Wis. 55, 105 N. W. 44. In that case it was expressly held:

"If the summons was in fact served upon defendants the court has jurisdiction, although the proof of service be faulty; and in such a case the court may, even after judgment, permit the record to be amended so as to show the service actually made." See *Estate of Newman,* 75 Cal. 213, 16 Pac. 887, 7 Am. St. R. 146.

So the mere fact that such affidavit showing the mailing and posting of copies of the summons and complaint, as required by the statute, was not on file June 21, 1890, did not deprive the court of jurisdiction to order judgment in the divorce action September 6, 1890.

3. It is claimed that the court had no jurisdiction to order judgment September 6, 1890, because the affidavit for publication was made and sworn to June 17, 1890, and the complaint was not filed or the order of publication made and entered until June 21, 1890. Sec. 2640, Stats. 1898. June 18, 1890, the sheriff returned that the defendant in the divorce action could not be found, and three days afterwards the complaint was filed with the clerk and the order of publication made and entered of record and copies of the summons and complaint mailed and posted. This court has held that the order of publication must follow the affidavit for the same "within a reasonable time." *Roosevelt v. Land & R. Co.* 108 Wis. 653, 84 N. W. 157; *Rockman v. Ackerman,* 109 Wis. 639; *Gallun v. Weil,* 116 Wis. 236, 243, 92 N. W.

1091. In the case at bar we think the order of publication was made within such reasonable time.

4. The important question presented is whether the defendant in this action had been divorced from her former husband, Edward Baehr, before she was married to the deceased, Carl Geith, December 8, 1894. Of course, if she had not been so divorced before such marriage, then such marriage was "absolutely void, without any judgment of divorce or other legal proceeding." Secs. 2349, 2330, Stats. 1898. In obedience to such statutes this court has so declared. *Williams v. Williams,* 63 Wis. 58, 61, 23 N. W. 110. Upon full hearing of the divorce action and at the close of the trial thereof, the circuit court on September 6, 1890, declared that "judgment is ordered for plaintiff and against defendant." This is claimed to be a mere order for judgment, which did "not affect the status of the parties so as to render them capable of contracting marriage with others." In support of such claim counsel rely on *State v. Eaton,* 85 Wis. 587, 55 N. W. 890, where such language was used. That was a criminal action for adultery, and this court also held that "if the judgment, when entered, can for any purpose take effect from the date of the order therefor, it cannot operate to make an act a crime which was not so when committed, or, if then a crime, to make it one of a higher grade." The ruling of this court in that case seems to assume that when such judgment of divorce should be entered, pursuant to such order, it might take effect for some purposes "from the date of the order therefor." It has been held that "judgment of divorce, after being signed by judge and filed with clerk, is binding upon the parties and their privies, although not entered by the clerk." *Estate of Newman,* 75 Cal. 213, 16 Pac. 887, 7 Am. St. R. 146. In a later case in that state it was held:

"Judgment becomes rendered and the rights of the parties established at the time the court pronounces its decision; and it is not necessary to its validity that it should be in writing

or signed by the judge. . . . Judgment of divorce becomes effective at the time of its rendition, although it is not entered by the clerk until a subsequent date." *Estate of Cook,* 77 Cal. 220, 19 Pac. 431; *Allen v. Voje,* 114 Wis. 1, 89 N. W. 924.

In ordering judgment for the plaintiff and against the defendant in the divorce action here under consideration there was no claim nor mention of alimony to be awarded as in the divorce action considered in *State v. Eaton, supra.* There can be no question but that the circuit court, in the language quoted above, pronounced judgment of divorce in favor of this defendant and against Edward Baehr, then residing in Germany. *German Am. Bank v. Powell,* 121 Wis. 575, 99 N. W. 222. There was nothing further to be done except for the clerk to enter judgment in obedience to such direction of the court. The court had fully performed its judicial functions. The clerk failed to perform his duty as clerk.

The question recurs whether upon the records of the court and the proofs taken in open court and the findings of the court made May 19, 1904, as to the facts as they were September 6, 1890, the trial court was justified in ordering judgment in the divorce action *nunc pro tunc* as of September 6, 1890, and whether the judgment entered May 19, 1904, pursuant to such order *nunc pro tunc* as of September 6, 1890, was binding and effectual in dissolving the marriage relation between this defendant and Edward Baehr as of September 6, 1890. After careful consideration we are constrained to hold that such judgment of divorce was binding and effectual. Thus it is said by Mr. Freeman:

"The entry of judgment *nunc pro tunc* is always proper when a judgment has been ordered by the court but the clerk has failed or neglected to copy it into the record." 1 Freeman, Judgm. (4th ed.) § 61.

In support of such proposition he cites, among other cases, *Howell v. Morlan,* 78 Ill. 162; *People ex rel. McCrea v.*

*Quick,* 92 Ill. 580; *Metzger v. Marley,* 197 Ill. 208, 64 N. E. 280; *Belkin v. Rhodes,* 76 Mo. 643. So, on the authority of the *Estate of Cook, supra,* he states:

"If a judgment of divorce has been rendered which the clerk of the court has neglected to enter until after the death of one of the parties, he may be directed to enter it *nunc pro tunc* as of some day in the lifetime of the decedent, on application of one who was not a party to the cause, and when entered it becomes operative as of the day of its rendition, and, if collaterally drawn in question, it is conclusive as to all matters of evidence necessary to its validity." 1 Freeman, Judgm. (4th ed.) § 61.

So in 1 Black, Judgm. (2d ed.) § 130, it is said:

"The rule is that in any case where the court did actually render a formal judgment, but the same has not been entered on the record in consequence of any accident or mistake, or through the neglect or misprision of the clerk, the court has power to order that the judgment once pronounced be entered *nunc pro tunc,* upon the production of proper evidence to establish the fact of the judgment and to show its terms and character and the relief granted; and this may be done after the expiration of the term at which the judgment was originally given.".

Many cases are there cited in support of the proposition.

We must hold that the defendant in this action was divorced from Edward Baehr September 6, 1890, and hence that the marriage of this defendant to Carl Geith December 8, 1894, was valid and binding. It follows that this defendant is the lawful widow of Carl Geith, deceased.

*By the Court.*—The judgment of the circuit court is affirmed.