GERMAN AMERICAN BANK, Respondent, vs. POWELL, Appellant.

*March 26—April 19, 1904.*

*Insolvency: Jurisdiction: Collateral attack: Fixing day for hearing: Order: Evidence: Proof of notice: Mandatory statute.*

1. If lack of jurisdiction appears on the face of the record in insolvency proceedings, the discharge therein may be attacked collaterally.
2. Proceedings by an insolvent debtor under ch. 179, Stats. 1898, to obtain a discharge from his debts are strictly adversary, and creditors whose claims are to be barred thereby must be made parties and jurisdiction of them obtained in the manner provided by the statute.
3. Under sec. 4285, Stats. 1898, the fixing of a day for the hearing, in the order to show cause why a discharge in insolvency should not be granted, is jurisdictional.
4. Where, in the written order on file, the date fixed for the hearing is left blank, a recital in a subsequent order that the court did in fact fix a certain day as the time for the hearing sufficiently shows that the day was properly fixed.
5. The written order on file is not necessarily the decision of the court, but generally is merely evidence thereof, the announcement from the bench being the order in fact.
6. The provision of sec. 4288, Stats. 1898, that on the day fixed in the order to show cause proof shall be made of the service and publication of the required notices "before any other proceeding shall be had," is mandatory and exclusive, and a discharge granted before the filing of such proof is without jurisdiction and void.

APPEAL from a judgment of the circuit court for La Crosse county: J. J. FRUIT, Circuit Judge. *Affirmed.*

This is an action upon a promissory note executed by the defendant January 2, 1895, the action having been commenced July 15, 1897, but not tried until May, 1903. The defense pleaded was a discharge of the defendant under the state insolvency law, viz., ch. 179, Stats. 1898, which discharge was alleged to have been granted September 30, 1897. Upon the trial before the court the record of the insolvency

proceedings was introduced in evidence, and it appeared from the record that the defendant made due petition for a discharge under said chapter 179, which petition was filed June 29, 1897; that the circuit court upon the same day signed a written order reciting the filing of the petition and ordering all creditors to show cause "on the —— day of September, 1897," why an assignment of the property of the insolvent should not be made and a discharge granted to him; that on the 30th day of September, 1897, the court made another written order, in which it was recited that, "the above-entitled matter having been heard by the circuit court of La Crosse county on the 14th day of September, 1897, the day fixed in said order to show cause," it was ordered that said *Powell* be adjudged an insolvent, and that one James R. Hill be appointed assignee of his estate, and that an assignment of all the property of said *Powell* be made by him to said Hill; that in pursuance of said order and upon the same day an assignment was made by *Powell* of all his property to said Hill, and a proper certificate was also made by the assignee, and that a discharge of all his debts was granted by the court to said *Powell* on said 30th day of September, 1897, under the provisions of sec. 4299, Stats. 1898; that no affidavits showing the publication of notice to creditors were on file on September 14th or on September 30th, nor any affidavits showing the mailing of notice to creditors; that the affidavit of publication in the West Salem Journal of said notice was not in fact made until October 6, 1897; that the affidavit of publication in the Wisconsin State Journal was never signed by any person, and not filed until October 6, 1897; that the affidavit of mailing was not made or filed until October 6, 1897. An affidavit showing proper publication in the Wisconsin State Journal was filed June 29, 1903.

The court held upon this record that no valid discharge was shown, and judgment was entered for the plaintiff for the amount due upon the note, and the defendant appeals.

*C. L. Hood,* for the appellant.

For the respondent there was a brief by *McConnell & Schweizer,* and oral argument by *C. H. Schweizer.*

WINSLOW, J.   The plaintiff attacks the discharge in insolvency collaterally, and this it may unquestionably do if the lack of jurisdiction appears upon the face of the record. *O'Malley v. Fricke,* 104 Wis. 280, 80 N. W. 436.   The question is, Does it so appear?   The plaintiff claims that lack of jurisdiction appears in two ways: first, because the written order fixing the date for the hearing of the petition and for creditors to show cause contained no date in fact, but directed that cause be shown "on the —— day of September, 1897;" and, second, because the record shows that proof of the publication and mailing of the required notices to creditors was not filed until October 6, 1897, being six days after the discharge itself was granted.

The proceedings by an insolvent debtor to obtain a discharge under ch. 179, Stats. 1898, are strictly adversary proceedings, as much so in fact as are actions at law.   The creditors whose claims are to be barred must be made parties to the proceedings and jurisdiction of them obtained in the way laid down by the statute or their rights will not be affected.   This is self-evident.   The statute (sec. 4285, Stats. 1898) provides that upon the filing of the insolvent's petition and schedules the court shall make an order requiring the creditors to show cause why a discharge should not be granted, which order "shall also fix a day in the same or next ensuing term for the hearing thereof."   There can be no question but that the fixing of the day is jurisdictional. As the written order on file contains a blank at this point, the contention is that it is conclusively shown that no day was fixed.   But the written order is not necessarily the decision of the court, but generally is merely evidence thereof.   The announcement from the bench is the order or judgment in

fact. *Baker v. Baker,* 51 Wis. 538, 8 N. W. 289; *Allen v. Voje,* 114 Wis. 1, 89 N. W. 924. Had the clerk's minutes been introduced, and had it appeared therefrom that the court announced from the bench that the matter would be heard on the 14th of September, the statute would unquestionably have been satisfied, notwithstanding the *hiatus* in the written order. The minutes were not introduced, but the order of September 30th following was introduced, in which is a definite recital over the signature of the court that the 14th day of September was the day fixed for the hearing of the order to show cause. This is certainly some evidence that the day was properly fixed. It does not conflict with the written order, but simply supplies a blank which was evidently left in the written order by obvious mistake. It is absurd to suppose that the court made an order for hearing and deliberately fixed no date for that hearing. We think, therefore, that it sufficiently appears from the recital in the order of September 30th that the court did in fact fix the 14th of September as the time of hearing of the petition, notwithstanding that the date was not inserted in the written order.

Proceeding to the next question, we find it more serious. Sec. 4288, Stats. 1898, provides that on the day fixed in the order to show cause or any subsequent day that the court may appoint, the proofs or allegations of the parties shall be heard by the court, "but before any other *proceeding shall be had* proof shall be made of the service and publication of the notices provided for in the preceding sections." The preceding sections require that notice of the order to show cause aforesaid shall be published in a newspaper at the seat of government and in a newspaper published in the county where the application was made, and that a copy shall be served personally or by mail on each creditor. The record shows that none of the proofs of publication or mailing were filed until October 6, 1897, and that the order of discharge was granted September 30, 1897. We regard this as fatal to

the jurisdiction of the court. It cannot be treated as a mere irregularity. "Before any other proceeding shall be had" are the words of the statute. They are mandatory and exclusive, if words ever were mandatory or exclusive. Until the proofs are filed there is no power given to the court to take a step. It is futile to question the wisdom or reasonableness of the legislative will. It was within the power of the legislature to make such a provision, and the courts must respect it. It necessarily follows that the defect could not be cured by filing proofs at a later day.

*By the Court.*—Judgment affirmed.