JANSEN and another, Appellants, vs. HUERTH and others, Re-
spondents.

*September 14—October 4, 1910.*

*Adverse possession: Evidence: Islands: Trespass: Injunction: Find-
ings of fact: Appeal: Directing new trial.*

1. Evidence offered to sustain a claim of adverse possession must be
strictly construed under the presumption that the occupancy is
in favor of the true owner.

2. In an action to enjoin trespasses upon an island in a navigable
river, evidence that defendants had for years pastured their cat-
tle on the island and that they and others had for years cut fire-
wood therefrom in the belief that the ownership of the island
was in the government and that none of the persons so using it
had any interest in or title to the island, fails to show exclusive,
continuous, or hostile possession as against the true owner, and
fails, therefore, to show that defendants had acquired title by
adverse possession.

3. It appearing that the evidence on the subject of adverse posses-
sion was fully presented, and that further trial of that issue is
not required to determine the rights of the parties, such issue
will not be reopened, athough a new trial be ordered by the su-
preme court on other issues raised by the pleadings.

4. In an action to enjoin trespasses upon land, in which defendants
denied plaintiffs' ownership and alleged title in themselves by
adverse possession, a finding by the trial court that "there is no
evidence before the court from which it can be determined that
either the plaintiffs or the defendants have any title, right, or
interest in or to the premises upon which the alleged trespasses
were committed" is not a compliance with sec. 2863, Stats.
(1898), being in substance a legal conclusion as to the probative
force of the evidence without a finding upon the ultimate facts
at issue between the parties; and in the absence of a finding of
such facts, the record in the case not being such that the su-
preme court can ascertain the facts and proceed to a final ad-
judication, a new trial is ordered.

APPEAL from a judgment of the circuit court for Sauk
county: E. C. HIGBEE, Judge. *Reversed.*

For the appellants there was a brief by *Grotophorst, Evans
& Thomas,* and oral argument by *E. A. Evans.*

For the respondents there was a brief by *Bentley & Kelley,* and oral argument by *J. H. Hill.*

SIEBECKER, J.    The plaintiffs are owners of lots 3 and 4 in section 14, town 9 north, range 6 east.    They bring this action asking that the defendants be enjoined from trespassing upon that part of an island in the Wisconsin river to which they claim ownership and for damages for the trespasses alleged to have been heretofore committed by the defendants in removing a fence built by the plaintiffs upon the portion of the island claimed by the plaintiffs.    The land in controversy is located on the river bed of the Wisconsin river between Sauk and Dane counties.    The island is about a mile in length and about half a mile in width.

The evidence before the court tends to show that the defendants and others have for years pastured their cattle upon the island, access to the island by the cattle being from lands lying west of the plaintiffs' lands and east of the lands owned by the defendants.    For years the defendants and others have cut firewood from the island, in the belief that the ownership of the island was vested in the government and that none of the persons so using it had any interest in or title to the island.    The field-notes of a survey of the lands north of the river and covering the plaintiffs' lands were offered in evidence, but without any accompanying proof of the actual location of the lines and courses embraced therein.    There was no evidence by a survey or otherwise locating the south river bank opposite the north bank, of which plaintiffs are alleged to be the owners.    There was evidence before the court tending to show that the main channel of the river now flows south of the island, but the evidence as to its former condition and location is vague and meager.    It is claimed that the island is an unsurveyed one, yet it seems to be assumed by the parties that a portion of it embraces an island surveyed in the original government survey.    The court

found that the defendants' claim of title by adverse possession was not sustained, but still dismissed the complaint. We are not definitely informed upon what ground the court so turned the plaintiffs out of court.

At the conclusion of the evidence the court held that it failed to show that the defendants had acquired title to the portion of the island in dispute by adverse possession. This conclusion of the trial court is sustained by the record, for it is clear that the defendants were not in continuous, open, and hostile possession of this land as against the true owner so as to acquire title thereto by adverse possession. The evidence of such possession of defendants must be strictly construed under the presumption that the occupancy is in favor of the true owner. The facts and circumstances as to adverse possession fail to establish that the defendants occupied the land either exclusively, continuously, or in a hostile manner, and therefore do not overcome the presumption in favor of the true owner. We are persuaded that the evidence on this subject was fully presented to the court and that further trial of this issue is not required to determine the rights of the parties arising therefrom. As to this issue it must be held that the defendants have acquired no rights by adverse possession to any portion of the island.

But as to the other issues raised by the pleadings, and the disputed questions and rights arising thereon between the parties to this litigation, the record is most ambiguous, uncertain, and defective. It discloses that the plaintiffs' rights are dependent upon whether or not they owned the lands described in the complaint, whether in fact the portion of the north bank of the Wisconsin river which they claimed to own was within the government description contained in their conveyances so that they thereby acquired title as riparian owners in the bed of the river to the center of the stream, and what portion, if any, of the island involved in this controversy they owned as such riparian proprietors. To determine these

alleged rights of the parties under these issues it was neces-
sary that the trial court ascertain as facts the actual location
of the plaintiffs' lands; whether they embraced the north
river bank, as claimed by them; the location of the opposite
south river bank; the width of the river between such banks,
and the location of the line of the center of the stream upon
this island, so as to ascertain what portion of the island in
question, if any, is located on the river bed the plaintiffs may
be found to own.    It is also necessary to determine whether
this island includes within its area an original surveyed
island, and if so whether any or all of the present area of the
island has been formed by accretion to such surveyed island.

We find that the evidence offered by the parties fails to
cover some of these questions and that the court omitted to
make findings of fact from the evidence that was presented.
This state of the case leaves the trial and determination of the
rights of the parties so incomplete and uncertain that this
court cannot ascertain the facts of the case, nor is it suffi-
ciently advised by the record of the actual state of the case
upon the controversies between the parties so as to be able to
proceed to a final adjudication thereof.    We are constrained
to call the attention of the trial court and counsel to the case
of *Young v. Miner,* 141 Wis. 501, 124 N. W. 660, and the
cases there collected, respecting the requirements of conform-
ing to the provisions of sec. 2863, Stats. (1898), regarding
the necessity of having the issues of fact determined by ap-
propriate findings of the trial court in cases tried by the
court.    We find this statement by the court in the record:

"That there is no evidence before the court from which it
can be determined that either the plaintiffs or the defendants
have any title, right, or interest in or to the premises upon
which the alleged trespasses were committed."

The court therefore dismissed the complaint.    This is not
a compliance with the statute heretofore cited.    It is in sub-
stance a legal conclusion as to the probative force of the evi-

dence without a finding upon the ultimate facts at issue between the parties in the light of the evidence. We are not informed as to what the facts of the case are so far as the ·evidence went. In view of this state of the case a new trial must be directed of all the issues except the issue raised upon the defendants' claim of title to the island by adverse possession, which we find was fully litigated and properly determined against the defendants.

In the light of the situation presented by the record we are of the opinion that justice and the interests of the parties will be promoted by ordering a new trial upon all the other issues. If the parties discover additional evidence material to the issues to be retried they shall have the right to produce it, and the court may then make findings of fact in writing as to the issuable facts upon all the evidence submitted in the case and make its decision thereon in conformity to the statutes and the cases above referred to.

*By the Court.*—Judgment reversed, and the cause remanded for retrial as indicated in the foregoing opinion.