DAMMAN, Appellant, vs. DAMMAN, Respondent.

*November 19, 1910—February 21, 1911.*

*Appeal: Review: Lack of specific findings: Reversal: New trial: Evidence: Divorce.*

1. Failure of the trial court to make such findings of fact as are required by sec. 2863, Stats. (1898), is error, but does not necessarily lead to reversal.
2. General findings of the trial court are not within the rule that the decision of such court with respect to disputed matters of fact will not be disturbed on appeal unless against the clear preponderance of the evidence.
3. In the case of general findings the appellate court may affirm the judgment if clearly supported by preponderance of the evidence; reverse it if not so supported, ordering judgment in accordance with what appears to be the preponderance; or, if that course seems to present peril of injustice, may remand for further trial and findings.
4. A divorce action in which many witnesses testified on each side and the conflict in their testimony was such as hardly to be accounted for except on the theory that those on the one side or

the other were lying, is *held* to be a case in which this court should have the full benefit of specific findings by the trial court, and should not attempt to determine, in the first instance, from the printed record whether or not the preponderance of evidence sustains the judgment.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Reversed.*

This is an action for divorce. The complaint charges the defendant with cruel and inhuman treatment of the plaintiff, and alleges coarseness and vulgarity on the part of the defendant, that she associates with low characters and attends questionable places, but does not charge actual adultery. The answer is a general denial, with countercharges of the same general character against the plaintiff. At the close of the testimony the court said:

"The first principle governing the law of equity cases, and particularly divorce cases, is this, that the party seeking relief must come into court with clean hands. This is not such a case. Further comment by the court is not necessary. The divorce is denied."

The court found that the parties were husband and wife; the age of the respective parties; the fact that they had resided within the state for more than one year before the action was begun, and that no issue resulted from the marriage. The court further found that the plaintiff "has not shown himself entitled to a divorce and has not come into equity with clean hands, and the complaint is therefore dismissed." From the judgment entered upon the findings the plaintiff appeals, and assigns substantially two grounds of error: (1) The judgment should be reversed because the court failed to make specific findings of fact. (2) If the plaintiff was guilty of misconduct his lapses had been condoned by the defendant.

*Andrew Gilbertson,* for the appellant.

*W. H. Timlin, Jr.,* and *Patrick W. Dean,* for the respondent.

The following opinion was filed December 6, 1910:

BARNES, J.    The first question we are called upon to consider is whether the judgment should be reversed because of the failure of the trial court to make specific findings of fact ·covering the controverted questions which were litigated. Sec. 2863, Stats. (1898), requires the trial judge to state in his decision the facts found by him.    That the convenience ·of this court would be subserved by complying with the statute in regard to making specific findings is obvious.    That the interests of litigants may suffer in consequence of failure to ·make such findings should be just as obvious to those familiar ·with our decisions upon the subject.    The cases will be found cited in *Young v. Miner,* 141 Wis. 501, 504, 124 N. .W. 660; *Farmer v. St. Croix P. Co.* 117 Wis. 76, 93 N. W. 830; and *Brown v. Griswold,* 109 ·Wis. 275, 85 N. W. 363. ˙The latest case bearing upon the subject is *Jansen v. Huerth,* 143 Wis. 363, 127 N. W. 945; and this case, as well as. *Closuit v. John Arpin L. Co.* 130 Wis. 258, 110 N. W. 222, .and *Brown v. Griswold, supra,* furnish instances where judgments were reversed largely because of the failure of the ·court to make specific findings.

It has frequently been held that while it is error not to ·make such findings as are required by sec. 2863, Stats. ·(1898), it is not necessarily reversible error, but that general findings are not within the rule that the decision of the trial ·court with respect to disputed matters of fact will not be disturbed on appeal unless against the clear preponderance of the evidence.    *Chippewa B. Co. v. Durand,* 122 Wis. 85, 99 N. W. 603; *Farmer v. St. Croix P. Co.* 117 Wis. 76, 81, 93 N. W. 830, and cases cited; *Closuit v. John Arpin L. Co., supra.*

The latter case presents as clearly and definitely as any ·the attitude of this court toward general findings.    It is said .that such findings leave the court in a predicament where it

may pursue one of three courses: "To affirm the judgment if' clearly supported by preponderance of the evidence; to re-- verse if not so supported, ordering judgment in accordance with what appears to this court to be the preponderance; or,. if that course seems to present peril of injustice, to remand. for further trial and findings."

Naturally, if this court undertakes to determine which way the evidence preponderates, it must take the testimony as it finds it in the printed record, and very often this can-- not be done with safety. The case before us presents a sit-- uation where there is a conflict in the evidence of such a char- acter that it is hardly possible to account for it on any other hypothesis than that the witnesses on the one side or the other were lying. It may well be that they were doing so on: both sides. It is, of course, axiomatic that the preponder- ance of the evidence in a case does not necessarily rest in favor of the party who has produced the greatest number of witnesses to testify to essential facts. The looks, the voice,. the attitude, the general demeanor of a witness may convince a trial court that he is untruthful, while the printed record may put his testimony in as favorable a light before this. court as that of a witness in whose candor and honesty the trial court justly and properly placed implicit reliance. So the cases are not numerous in which this court may in effect perform the functions of a trial court in weighing evidence and determining where the preponderance rests.

A goodly part of the evidence in the case before us was. given by moral degenerates. A large number of witnesses were sworn on either side and there was much conflict in the testimony on material points. The case is essentially one where this court is entitled to the full benefit of specific find- ings by the trial court, to the end that we may know what his. views are on the essential questions that were litigated. We do not think it is one where this court can or should attempt to determine from the record whether the conclusion of the

trial court is supported by the mere preponderance of the evidence or not. The case presents the third situation referred to in *Closuit v. John Arpin L. Co., supra.* We can well believe that the trial court was thoroughly nauseated with the disgusting character of the evidence presented, and that the case was therefore summarily disposed of. But either of the parties had the lawful right to appeal to this court from an adverse judgment, and to have the case fully and fairly considered in this court, and to give it such consideration it is essential that specific findings of fact be made covering the material controverted issues in the case.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to the trial court to take further evidence in the case, if it be deemed necessary or advisable so to do, and to make findings of fact and conclusions of law upon the evidence before it, in accordance with the requirements of sec. 2863, Stats. (1898).

TIMLIN, J., took no part.

The respondent moved that the mandate be modified so that the reversal should be without costs. The motion was granted February 21, 1911.

