KELM, Respondent, vs. WOODBURY, Appellant.

*September 17—October 8, 1912.*

*Trial: Findings: Omission to make: Appeal: Directing judgment: Accord and satisfaction.*

Omission of the trial court in this case to make any finding upon the issue as to whether there had. been an accord and satisfaction was a failure to comply with sec.,2863, Stats. (1898); but, there being a clear preponderance of the evidence to the effect that the parties had settled all of .their. differences arising out of the contract in suit, the supreme court, instead of ordering a new trial, directs a judgment dismissing the complaint.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

This is an action to recover the balance due on a contract by which it is alleged the defendant hired the plaintiff to work his farm for one year. The plaintiff claims that the defendant breached the contract, and he seeks to recover the unpaid portion of the wages and the damages resulting from the breach.

The defendant is a resident of Illinois. He owns a farm of 480 acres in the town of Center, Rock county, this state, which the plaintiff had worked for him in 1908 and 1909. In the latter part of March, 1910, the defendant and the plaintiff made a verbal contract, whereby, in consideration of $500 to be paid in monthly instalments, the plaintiff was to work the defendant's farm for the ensuing year. The plaintiff was to have the use of the house on the premises, and a garden, was to have a share in some of the crops, and, in accordance with the practice between the parties during the previous two years, was to have food from the farm for his animals and chickens. He was to secure the assistance of the members of his family in doing the chores on the farm, was to board the defendant free of charge, and was to board any employees of the defendant at $3 per week for each person.

About October 15th the plaintiff, as the result of differences between him and the defendant, moved from the premises, receiving at the time a check for $65 from the defendant.

The defendant upon the trial of this action testified that the children of the plaintiff did not work on the farm according to the contract, that he was compelled to pay the son for whatever work he did, that he was compelled to pay board for himself and a higher rate for his employees than the contract provided, and that the plaintiff just before he removed from the premises was disposing of more than his share of the crops.

It is undisputed that there was trouble between the parties, that the defendant endeavored to discharge the plaintiff from his employ, notified him to vacate the house, and that the defendant engaged another person to take charge of the place.

On October 15th, when the plaintiff had had no wages since the 1st of September, the defendant came to the house with Mr. Pellett and Mr. Reigert, the man he had employed to take charge of the farm, for the purpose of coming to some agreement with the plaintiff so that the new employee might get possession of the house. The plaintiff refused to vacate until the defendant should settle with him. He demanded $200, claiming that he had been employed for a year at $500 and that the defendant had discharged him without cause. The defendant was willing to pay the plaintiff his back wages but nothing more, and claimed that only from $40 to $45 was due the plaintiff and that the contract ran only from month to month. Finally, a check for $65 was written by the defendant and was left to be delivered to the plaintiff when he should leave the premises. A few days later the plaintiff left; the check was given to the plaintiff's wife and was cashed by the plaintiff and his wife. The defendant claims that the check was in full settlement of all differences between him and the plaintiff. Plaintiff claims that it was only a partial payment

and was the amount due him for services up to the time he left the premises. The defendant, Mr. Pellett, and Mr. Reigert, the person who succeeded the plaintiff on the farm, testified that the $65 paid the plaintiff was agreed upon by them as a settlement in full of all the differences between the plaintiff and the defendant. They testified that the plaintiff had at first demanded $200, had reduced his demand to $100 and then to $75, and that upon their suggestion he finally agreed to take $65 in full of all claims against the defendant. The plaintiff testified that it was understood that it was to apply on the wages due him and that it was paid only to induce him to vacate the premises so as to give Mr. Reigert possession of the farm. There was no statement on the check as to whether it was in full or was only a partial payment.

The court found the facts as above set out as to the making of the contract, that the plaintiff was ready and willing to perform all of the conditions of the contract, and that he had duly performed his duties under the contract until October 22, 1910, that the defendant without justification had discharged the plaintiff and caused him to surrender possession and to remove from the premises, and had failed to furnish the plaintiff with food and shelter for his animals and chickens as required by the contract. The court also calculated the amount paid to the plaintiff up to the time he left the premises and the amount still due him under the contract after deducting the amount earned by him after he left the premises and up to the time of termination of the contract, and awarded plaintiff judgment for the amount thus found to be due him, namely, $247.37, with interest from April 1, 1911, and for costs.

This is an appeal from the judgment on the findings in plaintiff's favor.

*Arthur M. Fisher,* for the appellant.

*Thos. S. Nolan,* for the respondent.

SIEBECKER, J.    The appellant asserts that the evidence on the question of a settlement by the parties of all matters in controversy clearly establishes that after plaintiff's discharge from defendant's employ such a settlement was made and that the plaintiff accepted $65, the amount agreed upon by the parties, in full payment of the amount due him under such settlement.    The plaintiff denies that the settlement was made and claims that at the time of the negotiations for a settlement he claimed and demanded a sum for satisfaction of his damages for defendant's breach of contract far in excess of the $65 he received as avails of the check defendant drew in his favor on that day and which was subsequently delivered to plaintiff's wife, and that the $65 so received was intended to apply as wages due him under their contract and was paid him to then vacate and remove from the farm.    This claim of the plaintiff is denied by the defendant, who testifies that he and the plaintiff, in the presence of the witnesses Pellett and Reigert, negotiated on October 15, 1910, at the farm, to settle all matters in controversy between them arising out of the transactions involved in this litigation.    It is shown that these four men did meet as stated and that a settlement of the differences between the plaintiff and the defendant was undertaken and discussed by them all.    The evidence of the defendant and of the witnesses Pellett and Reigert is clearly to the effect that the plaintiff in the beginning of the negotiations demanded $200 from the defendant to satisfy his demands and that the defendant firmly asserted that he owed him nothing in excess of the balance due plaintiff for services at the contract rate and that this did not exceed $40, that the plaintiff during the negotiations reduced the amount of his demand to $75, that thereupon the witnesses suggested to the parties that they compromise by dividing the difference between the two sums, and that the parties then agreed upon $65 as the amount and then and there assented thereto, and that the defendant drew a check on his bank for this amount, payable to

the plaintiff's order, and left it with the witness Reigert with directions to deliver it to the plaintiff when he vacated and removed from the farm. There is no dispute that the check was delivered to the plaintiff's wife on the day the plaintiff vacated the farm and that the plaintiff thereafter received the proceeds thereof. The record discloses that the issue of a settlement was the principal one litigated upon the trial and that the defendant's counsel submitted a formal finding to the court and requested that the court find as fact that the settlement was made and carried out as the defendant claimed throughout the trial of the case. The court did not adopt this requested finding or its equivalent, but wholly omitted to make a finding on this issue and made findings in the case as though no such issue had been presented and litigated. The findings of the court, the details of which appear in the foregoing statement and upon which the court found in plaintiff's favor, embrace the other issues litigated, and the court awarded plaintiff recovery for the amount of damages found. It is difficult to perceive how this omission could occur, under the circumstances attending the trial and in view of the actual proceedings that took place, since the issue, whether there was such a settlement or not, was apparently the principal contest at the trial. The court may have concluded that the findings made amounted by implication to a finding that there was no settlement as claimed by the defendant. If so, this is erroneous, for no such implication can be indulged in the light of the record as presented. The result is that there was a failure to comply with the provisions of sec. 2863, Stats. (1898), which requires, in trials of questions of fact by the court, that its decision shall be in writing and shall state separately the facts found and the conclusions of law thereon. This record is wholly barren of anything showing that the court determined this issue and it must be so treated. It is obvious that this issue was fully tried and submitted and should have been determined by an express finding of fact,

either affirming the settlement as alleged and claimed by the defendant, or denying it, according to the weight of the evidence. *Fogo v. Boyle,* 130 Wis. 154, 109 N. W. 977; *Young v. Miner,* 141 Wis. 501, 124 N. W. 660, and cases cited.

In this state of the case this court is called upon to determine whether the state of the case demands a reversal of the judgment and a new trial, or whether the evidence so clearly preponderates in favor of the claim of either party upon this issue as to require that judgment be directed in favor of the party entitled thereto upon the record. *Brown v. Griswold,* 109 Wis. 275, 85 N. W. 363; *Closuit v. John Arpin L. Co.* 130 Wis. 258, 110 N. W. 222; *Jansen v. Huerth,* 143 Wis. 363, 127 N. W. 945; *Damman v. Damman,* 145 Wis. 122, 128 N. W. 1062. An examination of the record persuades us that the preponderance of the evidence is clearly to the effect that the parties settled all their differences involved in this case and that the trial court should have found that there was an accord and satisfaction, as alleged by the defendant, which discharged the defendant from all liability arising out of the transactions embraced in the issues presented by the pleadings and the evidence. This result necessitates reversal of the judgment appealed from and entitles the defendant to judgment of dismissal of the action and for costs.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded with directions to the trial court to award judgment dismissing the plaintiff's complaint.