WALLIS, Appellant, vs. FIRST NATIONAL BANK OF RACINE
and others, Respondents.

*October 10, 1913—February 3, 1914.*

*Trial by the court: Oral judgment before written decision filed:
Directory statute: Injunctional order: Modification: Contempt.*

1. Sec. 2863, Stats., so far as it provides for the filing of a written
   decision by the court embodying its findings of fact and con-
   clusions of law before judgment is entered, is directory only,
   and a valid judgment may be pronounced orally, in an action
   tried by the court, before any written findings and conclusions
   are made and filed.
2. An oral statement by the trial court in this case, announcing
   its conclusion as to the relief to which plaintiff was entitled,
   is *held* to have constituted a pronouncement of a judgment,
   rather than a mere expression of opinion as to how the case
   should be decided; and an injunctional order previously issued
   was thereby modified in accordance with such conclusion.

APPEAL from an order of the municipal court of Racine
county: WM. SMIEDING, JR., Judge.   *Affirmed.*

For the appellant there was a brief by *Quarles, Spence &
Quarles,* attorneys, and *J. V. Quarles,* of counsel, and oral
argument by *W. C. Quarles.*

*Thomas M. Kearney,* for the respondents

BARNES, J.    An injunctional order was issued in this action on May 5, 1913, which was modified on May 31st. The trial of the case was concluded on June 13th, and the findings and judgment were signed on June 30th.    On June 27th the defendant, acting on the advice of its attorneys, caused the wall on the front of the two and one-half foot strip described in the opinion handed down on the appeal from the judgment in the above entitled action to be torn down.    [See *Wallis v. First Nat. Bank, ante,* p. 306, 143 N. W. 670.]    After the entry of judgment the plaintiff procured an order to show cause why the defendant bank, its president and cashier, and its attorneys, E. B. Hand and W. D. Thompson, should not be punished for. contempt for disobedience of the order of the court.    The court adjudged the parties to be not guilty of contempt and ordered the proceeding dismissed.    The plaintiff appeals from such judgment and order.    It is not claimed by the defendant that the injunctional order did not prohibit the action which it took on June 27th, although it does insist that the attorneys acted in good faith in giving the advice which they did, and that in any event they cannot be punished in this proceeding. Neither is it claimed by the appellant that under the findings and judgment signed on June 30th the defendant bank would not have the right to do the acts complained of if no continuance of the injunction had been secured under sec. 3061, Stats.    At the conclusion of the trial on June 13th the court announced its decision in the case, which decision was taken down by the court reporter.    The judgment as signed was entered in accordance with such decision, at least in so far as it pertained to the right of the defendant bank to remove the wall which it caused to be torn down, although satisfactory findings were not prepared and signed until June 30th.    It does appear from the affidavit of Mr. Thompson that on June 26th the court settled on the findings it would make.

The trial court held that by the decision pronounced on June 13th the injunctional order was modified so as to permit the bank to do the things complained of, and that plaintiff knew that it was defendant's purpose to remove the wall as soon as the restraint of the temporary injunction was removed, and that no request for a continuance thereof pending an appeal was made. The court further found that plaintiff suffered no damage or injury because of the acts complained of, and that such acts did not defeat, impede, or prejudice any of plaintiff's remedies or rights.

The defendant contends that the judgment of the court was pronounced on June 13th and that the injunctional order was by virtue of such decision modified as of that date so as to permit the doing of the acts now complained of, and relies on the following decisions of this court to support such contention: *Baker v. Baker*, 51 Wis. 538, 548, 8 N. W. 289; *Allen v. Voje*, 114 Wis. 1, 8, 89 N. W. 924; *German Am. Bank v. Powell*, 121 Wis. 575, 577, 99 N. W. 222; *Zahorka v. Geith*, 129 Wis. 498, 505, 506, 109 N. W. 552; and *Comstock v. Boyle*, 134 Wis. 613, 617, 114 N. W. 1110.

Sec. 2863, Stats., reads:

"Upon a trial of a question of fact by the court its decision shall be given in writing and filed with the clerk within twenty days after the court at which the trial took place. Judgment upon the decision shall be entered accordingly, as of the term at which the cause was tried, and the judge shall state in his decision separately:

"(1) The facts found by him; and

"(2) His conclusions of law thereon."

Clearly this statute contemplates the filing of a written decision by the court embodying its findings of fact and conclusions of law before judgment is entered, because it provides that judgment shall be entered on the decision and in accordance therewith. If the statute is mandatory, the statement made on June 13th is not the judgment of the court.

Certain requirements of this statute have heretofore been held directory only. The provision requiring the written decision to be filed within twenty days after the court at which the trial took place is directory. *Cramer v. Hanaford,* 53 Wis. 85, 10 N. W. 15; *Williams v. Ely,* 13 Wis. 1; *Body v. Jewsen,* 33 Wis. 402; *Klatt v. Mallon,* 61 Wis. 542, 21 N. W. 532. It is not essential that the statutory mandate requiring the court to state its findings of fact and conclusions of law separately should be followed. *Sherman v. Madison Mut. Ins. Co.* 39 Wis. 104, 108; *Willer v. Bergenthal,* 50 Wis. 474, 7 N. W. 352. Neither is it necessary that the findings of fact and conclusions of law should be filed before the judgment is signed, but they may be embodied in the judgment itself. *Wrigglesworth v. Wrigglesworth,* 45 Wis. 255; *Pier v. Prouty,* 67 Wis. 218, 30 N. W. 232. The failure to make either findings of fact or conclusions of law is not reversible error, where the judgment shows that the necessary facts and conclusions must have been found in favor of the prevailing party and the evidence supports the judgment. *Willer v. Bergenthal,* 50 Wis. 474, 7 N. W. 352. And where the court fails to make such findings and conclusions as the statute contemplates, this court will adopt one of three courses: (a) Affirm the judgment if clearly supported by the preponderance of the evidence; (b) reverse if not so supported; or (c) remand for further trial and findings in close cases where the evidence is evenly balanced or nearly so. *Damman v. Damman,* 145 Wis. 122, 125, 128 N. W. 1062; *Closuit v. John Arpin L. Co.* 130 Wis. 258, 110 N. W. 222; *Young v. Miner,* 141 Wis. 501, 504, 124 N. W. 660; *Brown v. Griswold,* 109 Wis. 275, 85 N. W. 363; *Jansen v. Huerth,* 143 Wis. 363, 127 N. W. 945; *Kelm v. Woodbury,* 150 Wis. 499, 504, 137 N. W. 757; *Whalen v. Eagle L. P. Co., ante,* p. 26, 143 N. W. 689.

The precise question which we have before us now was

before the court in *Zahorka v. Geith*, 129 Wis. 498, 505, 506, 109 N. W. 552. It was there held in a case tried by the court, and in which no findings of fact or conclusions of law were ever reduced to writing or filed, and where no judgment was ever signed or reduced to writing, that the decision of the court announced orally from the bench was the judgment in the case, and was a valid judgment. It is true that in this case the clerk made a minute of the judgment pronounced, but his failure so to do would not have affected the validity of the oral judgment. The clerk's entry was not the judgment, but merely evidence of it, and the default of the clerk could not nullify the act of the court. *Baker v. Baker*, 51 Wis. 538, 8 N. W. 289. This case (*Zahorka v. Geith*) decides that the requirement of sec. 2863, Stats., requiring findings of fact and conclusions of law to be filed before there can be a judgment, is directory, or else it must be said that the statute was entirely overlooked by the whole court when the case was decided. This assumption can hardly be indulged in with reference to a statute that is familiar to every practicing lawyer. The divorce judgment involved in the case could hardly be pronounced without taking proof as to the residence of the plaintiff and of her desertion by the defendant, and neither could judgment be rendered until the fact on each of these issues was found in favor of the plaintiff. The only way in which the result could be reached which was reached was to decide that the oral decision was in fact the judgment of the court and that the court in reaching such decision necessarily reached the conclusion that the facts essential to make a case were proven and that a valid judgment might be entered without any written decision making findings of fact and conclusions of law. This case applies the same construction to sec. 2863 that other decisions have applied to sec. 2812, which reads: "Every direction of a court or judge made or entered in writing and not included in a judgment

is denominated an order." Clearly this statute contemplates that orders shall be made and entered in writing. Yet in *Allen v. Voje,* 114 Wis. 1, 8, 89 N. W. 924, it is said:

"An order or judgment is the decision of the court. It may be formulated in writing by the judge, or declared by him orally. In the latter event the duty rests upon the clerk to write the substance upon his records. That was done in this case, and thereupon the order became entered as completely as if written out by the judge himself and signed by him. *Baker v. Baker,* 51 Wis. 538, 8 N. W. 289; *Harris v. Snyder,* 113 Wis. 451, 89 N. W. 660. The writing is, at most, the evidence of the decision in fact rendered. *Findlay v. Knickerbocker Ice Co.* 104 Wis. 375, 378, 80 N. W. 436."

Again, in *German Am. Bank v. Powell,* 121 Wis. 575, 577, 99 N. W. 222, it is said:

"As the written order on file contains a blank at this point, the contention is that it is conclusively shown that no day was fixed. But the written order is not necessarily the decision of the court, but generally is merely evidence thereof. The announcement from the bench is the order or judgment in fact. *Baker v. Baker,* 51 Wis. 538, 8 N. W. 289; *Allen v. Voje,* 114 Wis. 1, 89 N. W. 924. Had the clerk's minutes been introduced, and had it appeared therefrom that the court announced from the bench that the matter would be heard on the 14th of September, the statute would unquestionably have been satisfied, notwithstanding the *hiatus* in the written order."

To the same effect is *Findlay v. Knickerbocker Ice Co.* 104 Wis. 375, 80 N. W. 436.

So we think it must be said that under the construction placed on sec. 2863 a valid judgment may be pronounced and pronounced orally in actions tried by the court, before any written findings and conclusions are made and filed.

Some question has arisen as to whether the language used by the court can in any event be held to be the pronouncement of a judgment or anything more than a mere expres-

sion of opinion as to how the case should be decided. The statement of the court is as follows:

"I have given this case a good deal of thought and attention since the argument on motions to dissolve the preliminary restraining order, and I think I feel as competent to decide it at this time as at any other time.

"The plaintiff owns the first two pieces of real estate described in his complaint and is the owner of an undivided one-half of a strip of land two and one-half feet wide by twenty-nine and one-half feet long which he owns in common with the defendant.

"The ownership is, however, subject to certain rights acquired by the defendant because of the necessity to maintain a common stairway. This stairway right is important to both the plaintiff and the defendant, the plaintiff being the dominant party as of necessity. The right to have that stairway maintained in its present condition; by that I mean as it is now constructed and of the size and height which it now is.

"The determination of a reasonable user cannot play any important part in seeking to consider a common right in land. It seems to me it is set out very definitely in the contract; this stairway that is there now and not some other stairway that may be erected. It is true that the second contract may be more or less ambiguous, but this fact stands out in both contracts that there is to be an inclosed stairway in common. That ownership in common is never lost sight of in the contract of 1885 or 1908. If this is true, no rights can be acquired by the defendant except such as are necessary to maintain the easement in question. In my judgment and my opinion, if this is true this wall cannot be raised so as to include twenty-eight inches more space; if that were done, as threatened by the defendant, it would be a continuing trespass, working, I think, to the damage of the plaintiff, and the injury would be irremediable. I am of the opinion that a judgment should be granted perpetually restraining the defendants from their threatened action to raise the wall to the south of the two and one-half foot strip and inclosing the said space as intended by the defendant to inclose, and also perpetually enjoining the defendant from

changing the general structure of the stairway that is there now. If the stairway is to be replaced it should be replaced and constructed as it is now constructed. Further than here indicated, I quite agree with the submitted findings of fact of the defendant.

"Mr. Hand: As I understand the court, the ruling against the defendant is limited to the raising of the height of that wall on the twenty-nine and one-half foot strip over and above what it already is, and the defendant is also restrained from constructing any other stairway.

"Court: A stairway different in dimension than the one existing there at the present time.

"Mr. Quarles: In regard to the occupation of the two and one-half foot strip above the stairway for the private purposes of the defendant, I think that ought to be decided here.

"Court: I find as to that that the defendant is entitled to the possession of that by necessity to the maintenance of this easement and that it is impossible for it to be in the possession of both.

"Mr. Quarles: I refer to the space above in the case of the erection of a building of ten stories.

"Mr. Thompson: I submit that that is not before the court."

It will be noted that in this statement the court says he has given the case a good deal of consideration and that he is as competent to decide it now as at any time. After discussing the points in the case he says the plaintiff is entitled to relief in two particulars: (a) He has the right to prevent the party wall from being raised or changed, and (b) he has the right to have any new stairway that is put in constructed as the existing stairway was constructed. The written judgment assures these rights to the plaintiff and no more. The conclusion reached by the court on these propositions is prefaced in one case with the statement, "In my judgment and my opinion," and in the other with the statement: "I am of the opinion that a judgment should be granted . . ." We think these statements constituted an announcement and declaration of what the judgment ren-

dered actually was. Plaintiff had the undoubted right to insist that the judgment be reduced to writing so that he could appeal from it, and had the right to insist that an order be entered at once dissolving so much of the injunction as would be vacated by the judgment pronounced, so that plaintiff might preserve his rights by appeal under sec. 3061, or else that the injunction be continued until the judgment pronounced was reduced to writing.

*By the Court.*—Order affirmed.

TIMLIN, J., dissents.