WEHR, Appellant, vs. GIMBEL BROTHERS, INCORPORATED, Respondent, and another, imp., Appellant.

*October 27—November 16, 1915.*

*Judgment: When rendered: Oral announcement.*

1. The announcement of judgment from the bench is the judgment in fact, and the written judgment generally is merely the evidence thereof; but it should be certain that the court intends to pronounce judgment and not merely to make a preliminary order which is expected to result later in a judgment.
2. An entry in the clerk's minutes stating that defendant's motion to dismiss the complaint was "granted as per findings to be filed," and entries at a later term showing continuances of "the matter as to a rehearing," together with unsigned and unfiled findings of fact found among the papers in the case, are *held* to show that judgment was not pronounced at the time of the first entry.

APPEALS from orders of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Dismissed.*

For the appellants there was a brief by *Kronshage, McGovern & Hannan,* attorneys for *Henry Wehr,* and *Lines, Spooner, Ellis & Quarles,* attorneys for *Wehr Building Company,* and oral argument by *F. E. McGovern* and *George Lines.*

For the respondent there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Thomas M. Kearney,* of counsel, and oral argument by *Nathan Glicksman.*

WINSLOW, C. J.    The appeals here are by the plaintiff, *Wehr,* and the interpleaded defendant the *Wehr Building Company* from orders made on motion of the defendant *Gimbel Brothers* interpleading the *Wehr Building Company* and the city of Milwaukee as defendants in the equitable action originally brought by said *Wehr* against the *Gimbel Brothers,* and allowing the said *Gimbel Brothers* to serve a cross-complaint in equity against *Wehr* and the interpleaded defendants.

The first question arising in the case is whether the orders are appealable.    The only ground upon which the appellants attempt to sustain their appealability is that they are final orders affecting a substantial right made upon summary application after judgment and hence are within sub. (2) of sec. 3069, Stats., governing appealable orders.    It seems quite clear that there is no other provision of the section under which it can be claimed that the orders are appealable. The question is therefore whether judgment had previously been rendered in the action.    It is admitted that no formal written judgment had been filed, but it is claimed that judgment had been pronounced from the bench and that under the decisions of this court ending with the case of *Wallis v. First Nat. Bank,* 155 Wis. 533, 145 N. W. 195, this was an effective final judgment closing the case.

The determination of this question rests chiefly upon the proper construction to be given to certain entries upon the minutes of the clerk of the court which appear in the record.

The action was originally brought by *Henry Wehr* in June, 1907, against his tenant, the *Gimbel Brothers* corporation, to prevent it from erecting a building upon the leased premises, and the question involved related to the location of the

east line of the demised premises upon the Milwaukee river, and was another phase of the controversy involved in the case of *Milwaukee v. Gimbel Bros.* 130 Wis. 31, 110 N. W. 7. It is not considered that it would be helpful here to state the details of the litigation. An answer was filed and the cause came on for trial May 21, 1909. The following entry appears upon the daily minutes of the clerk upon that day:

Henry Wehr
vs.
Gimbel Brothers.

May 21, 1909. ·Before Hon. L. W. HALSEY.

This action being on the day calendar and reached in its regular order was called for trial. Van Alstine & Killilea appearing for plff., and Winkler, Flanders, Bottum & Fawsett appearing for deft., trial proceeded, witness sworn, testimony closed, deft. moves that plff's complaint be dismissed upon the merits with costs, motion granted as per findings to be filed.

No further entries appear in May or June, but in July the following entries appear in the order given, viz.:

Henry Wehr
vs.
Gimbel Brothers.

July 16, 1909.

The court by request of H. J. Killilea, plaintiff's counsel, and upon the court's own motion, orders, that the matter as to a rehearing, be continued to July 21, 1909.

Henry Wehr
vs.
Gimbel Brothers.

July 21, 1909.　　Before Hon. L. W. HALSEY.

The matter as to a rehearing continued to July 22, 1909.

Henry Wehr
vs.
Gimbel Brothers.

July 22, 1909.

The matter as to a rehearing, continued to such time as may be set by the court, upon application. Court so orders.

All these entries appear in substantially the same form in the clerk's docket of the case.

Neither findings nor judgment were ever signed or filed, but an unsigned paper was found with the bundle of papers in the case, indorsed "Findings," in which, after the fact of the trial was recited, it was stated that "I find that the allegations of the complaint are not sustained by the evidence and that the plaintiff was not entitled to the injunction," followed by a conclusion of law to the effect that the complaint should be dismissed on the merits with costs and an order that judgment be entered.

This paper was dated May 21, 1909, bore the name of the law firm which had appeared for the defendant in the case, but was never filed, and had upon the outside, written in pencil, the word "Hold." No oral evidence was given on either side concerning the matters covered by the journal entries.

No further steps were taken in the cause until January 18, 1915, when the motions which resulted in the orders appealed from were made. .

We fully recognize the principle that the announcement from the bench is the judgment in fact and that the written judgment generally is merely the evidence thereof. *Wallis v. First Nat. Bank*, 155 Wis. 533, 145 N. W. 195, and cases there cited. It should be quite certain, however, that the oral pronouncement is intended to be the judgment and not merely an announcement of the opinion of the court or an indication of what the judgment is to be; in other words, it should be certain that the court intends to pronounce judgment and not merely to make a preliminary order which is expected to result in a judgment at a later period. It is to be remembered that all parties expect a written judgment to be entered and that in equity cases the statute contemplates and requires that findings be signed and filed before judgment is entered.

Taking the clerk's minutes of the 21st of May, it seems to us fairly certain that they indicate, not that judgment was

then presently announced, but that the trial judge announced simply that the motion to dismiss was granted and that findings would be drawn later, after which judgment would be formally entered.

The unsigned findings rather tend to support this conclusion, as they seem to indicate that they were prepared and were unsatisfactory and hence never signed. The entries in July showing that a possible rehearing of the case was under consideration are also persuasive on the question. If judgment had already been entered there could be no efficient rehearing without setting aside the judgment, and nothing is said about such a motion. Moreover, the term at which the supposed judgment was rendered had expired and it could not be changed except under the provisions of sec. 2832, Stats., and no mention is made of any such motion.

Our conclusion is that the facts in evidence show that for some reason judgment was purposely delayed rather than that it was pronounced.

It follows that the appeals must be dismissed

*By the Court.*—Appeals dismissed.