RYMER, Respondent, vs. MART, Appellant.

*January 8—February 4, 1919.*

*Circuit court rules are binding: Relief under statutes: Appeal from justice's court: Leave to answer: Garnishment: Bank accounts: Failure to answer: Proof of nonexemption.*

1. Rules prescribed for the guidance of circuit courts, where clear and unambiguous, must be followed. If injustice ensues through mistake, inadvertence, surprise, or excusable neglect, relief may be had under the statutes (sec. 2831, 2832, or others), upon proper application and showing.

2. Under sec. 4 of Circuit Court Rule XXIX as it stood prior to the amendment of June 5, 1918, a circuit court had no power, in a case appealed from a justice's court wherein no answer had been interposed, to grant leave to answer after the first general term at which the case was properly triable.

3. A deposit in a bank in the name of a wife, with authority to the bank to honor checks drawn thereon by the husband, is *prima facie* an individual account, not a joint account which is not subject to garnishment.

4. Where the garnishee fails to make any answer, judgment may be rendered against him without proof that the garnished fund is not exempt from execution.

APPEAL from a judgment of the circuit court for Oconto county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

A garnishment action was begun in justice's court against appellant and the Abrams State Bank in aid of an execution on a judgment against A. F. Mart, the husband of appellant. The Abrams State Bank answered, disclosing that it had a deposit of $501.02 in the name of appellant, with authority to honor checks thereon signed by A. F. Mart, her husband, who had drawn checks thereon. The appellant failed to answer or appear in the justice's court and judgment was rendered against her on April 28, 1917. May 11, 1917, she appealed to the circuit court; the record was filed therein May 25, 1917, and the case was properly triable at the next term of that court beginning June 4th. She duly served and filed a motion for leave to answer returnable on the first day of the term or as soon thereafter as counsel could be heard. The motion was not called to the attention of the court till June 16th, when the case was called for trial. When the motion came on for a hearing the clerk erroneously announced that no record from the justice had been filed, and the plaintiff's attorney thereupon moved to strike the case from the calendar, to which motion the appellant consented. The next term of the circuit court began November 12, 1917, and on December 1, 1917, when the case was called for trial, the appellant again moved for leave to file an an-

swer. The court held that under the provisions of sec. 4 of Circuit Court Rule XXIX it had no power to grant such a motion at that time and entered a judgment against her for $186.43 and costs as upon a default, from which judgment she appealed.

For the appellant the cause was submitted on the brief of *Lehner & Lehner* of Oconto Falls.

*John B. Chase* of Oconto, for the respondent.

VINJE, J. The only serious question presented by the appeal is whether the circuit court properly held that under the provisions of sec. 4 of Circuit Court Rule XXIX as then in force it had no power to grant appellant's motion. That section reads:

"In all appeals from justice court in which an answer shall not have been interposed in justice court, eight days' notice of motion for leave to answer must be given and a copy of the proposed answer must accompany the notice of motion. Leave to answer upon such motion will only be granted upon payment of $5 costs, unless the court shall otherwise order for special cause shown, and leave to answer will not be granted after the commencement of the first general term of the court at which the action is or may properly be noticed for trial."

On June 5, 1918, the rule was amended by striking out the last sentence, beginning with the words "Leave to answer," and inserting in lieu thereof the following:

"The motion shall be brought on for hearing on or before the first day of the term or of the adjourned session thereof at which the case is triable and if not so brought on for hearing within said time the motion shall be granted only on terms."

It will be seen that a radical change was made in the rule by this amendment. As it stood before June 5, 1918, it expressly and explicitly declared that after the commencement of the first general term at which the action is or may properly be noticed for trial leave to answer *will not be granted.*

This rule was binding upon the trial court and it had no power to abrogate or change it upon a mere motion for leave to file an answer, such as was the motion of the appellant. The court therefore properly held that it had no power to grant the motion upon the record as it then stood. Appellant made no other motion or application to be relieved from her default, though sec. 2831, Stats. 1917, gave her a remedy if the facts entitled her to one. Even now she can apply to the court under sec. 2832 to be relieved from the judgment if it was rendered against her through mistake, inadvertence, or excusable neglect.

Rules prescribed for the guidance of circuit courts, where clear and unambiguous, must be followed. If injustice ensues through mistake, inadvertence, surprise, or excusable neglect, relief may be had under the statutes referred to or others upon proper application and showing. No such application or showing was made in this case. On the other hand, the court was asked to suspend a rule without a showing of good cause therefor. This it could not do.

The claim that the answer of the Abrams State Bank showed a joint account of *Mrs. Mart* and her husband which was not subject to garnishment is not well taken. It *prima facie* showed an individual account of appellant. The fact that her husband had authority to draw against it made it none the less her account. Neither was it necessary for plaintiff to prove that the account was not exempt from levy on execution. Sec. 3728 provides that the justice shall enter judgment against a garnishee in default if judgment goes for plaintiff, and secs. 2766 *et seq.,* relating to garnishment in the circuit court, do not in a default case require proof of nonexemption of the garnished fund.

*By the Court.*—Judgment affirmed.