BURNHAM BROTHERS BRICK COMPANY, Plaintiff, vs. RIE-
    SEN and others, Defendants: O'BRIEN and wife, Re-
    spondents, vs. RICE, Appellant.

*March 9—April 7, 1925.*

*Dismissal: Oral direction from bench: Necessity of written order:
    Failure to diligently prosecute action: Vacating order entered
    without notice: Showing required.*

1. An order of dismissal for want of prosecution of a cause
    which had been pending for more than three terms in the
    circuit court is proper under the rules of that court.  p. 527.
2. The direction from the bench of a dismissal of the action was
    complete, definite, final, and sufficient, though orally made
    and not followed by an order in writing or a judgment of
    dismissal.  p. 527.

3. A claimant asserting a lien which affects the title to real estate and the possible rights of subsequent good-faith purchasers is bound to prosecute his cause in good faith and with reasonable diligence. p. 528.

4. Sec. 2832, Stats., permitting relief from orders entered through mistake, inadvertence, surprise, or excusable neglect, contemplates that the moving party disclose by affidavit the grounds upon which relief is sought; and it is *held* in this case that the *ex parte* application to vacate an order of dismissal should have been denied for want of a proper showing under the statutes and rules of court. p. 529.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This is an action commenced October 7, 1921, to foreclose mechanics' liens upon real estate owned by the defendants Riesen, husband and wife. A first-mortgage foreclosure was consolidated with it.

Defendant and appellant *Harry J. Rice* was a lien claimant. His contract with the Riesens on October 5, 1920, was for plumbing, the last charge being February 7th and claim filed August 5, 1921, for a balance of $530.08.

In January, 1922, the then owners, Riesens, entered into a land contract for the sale of the property to the petitioners, *Frank F. O'Brien* and *Victoria P. O'Brien,* his wife. On January 23, 1922, appellant *Rice* served his lien cross-complaint upon the plaintiffs, Burnham Brothers Brick Company, and presumably, although the record does not expressly so show, upon the then owners, the Riesens.

Shortly after January, 1922, the *O'Briens,* through their attorney, negotiated for settlement and discharge of the various liens involved, and all of such except that of the appellant *Rice* were so settled.

While negotiations were still pending with reference to the *Rice* claim, and on September 1, 1922, this action was regularly placed upon the alarm calendar and notice thereof given in the Daily Reporter in the usual manner that the same would be presently expected to be called for trial and

disposition. On Monday, September 18th, it came on the day calendar, and under the rules and practice in the circuit courts for Milwaukee county was then subject to immediate trial and disposition. When so regularly reached and called no one appeared on behalf of any of the parties, although the attorney who had negotiated settlements on behalf of the *O'Briens* was present and endeavored to notify the attorney for *Rice* by telephone. Thereupon an order was made by Presiding Judge GREGORY of the branch of the circuit court before whom said cause was placed, a minute of such order made by the clerk in the court record being as follows: "Action called for trial. No appearance. Court dismissed action."

No other written order was made and no formal judgment of dismissal entered and no other proceedings of record had for more than a year. On October 2, 1923, a warranty deed of the premises was given by the Riesens to the *O'Briens* and duly recorded October 4th. On October 12, 1923, the respective attorneys for *Rice* and plaintiff appeared before Judge HALSEY, presiding over another branch of the circuit court, and, after offering evidence on behalf of the defendant *Rice,* obtained an order for a judgment of foreclosure of the lien of said *Rice,* which order recited, among other things, the settlement of all the other lien claims; that the defendants Riesen were in default in said action in not having in any manner appeared therein; but no mention was made of the *O'Briens* or of their having obtained an interest in the property, or that they, rather than the Riesens, had so settled the other lien claims. Findings of fact and conclusions of law authorizing such judgment, with costs and disbursements in favor of the defendant *Rice,* were made by the said circuit court on November 5, 1923, and judgment in accordance therewith entered on November 8th.

No notice of any kind had been given to the Riesens or

the *O'Briens* of such proposed proceedings culminating in the said judgment.

Shortly after the hearing of October 12th before Judge HALSEY, *Rice's* attorney learned of the aforesaid order of September 18, 1922, dismissing the action, and on October 22d, without notice to either the Riesens or the *O'Briens,* the attorney for *Rice* and the plaintiff's attorney appeared before the Honorable JOHN J. GREGORY, and without the filing of affidavits, and upon oral statements only, obtained a written order vacating and setting aside the order of September 18, 1922, and permitting the case to proceed to final determination as though such order of dismissal had not been made. It further recited the default of the defendants Riesen; that through misapprehension, inadvertence, and mistake an order was made by said Judge GREGORY on September 18, 1922, dismissing the said action for want of prosecution; that no judgment was entered thereon; that the court being satisfied upon the facts being brought before him, in furtherance of justice the order should be vacated and set aside. No mention was made in said order and no showing here made that there was then called to the attention of the court the situation of the *O'Briens* by reason of their interest acquired under the land contract or by the warranty deed.

Promptly upon the entry of the judgment on November 8th the *O'Briens* were notified of its entry by *Rice's* attorney and demand made for its forthwith payment. On December 21, 1923, the *O'Briens* obtained an order to show cause, upon their petition returnable December 29th, why the *ex parte* order of October 22, 1923, and all proceedings subsequent thereto should not be vacated and why the defendant *Rice* should not be enjoined and restrained from taking further proceedings upon the judgment of November 8th.

Affidavits were presented on the hearing on behalf of *Rice* reciting in substance the facts as above stated, and also

that the *O'Briens'* attorney in the settlement negotiations, including that with the defendant *Rice,* had on other occasions been attorney for *Rice.* That at one time during the said negotiations such attorney had stated that he would advise the *O'Briens* to accept the discount of $25 from the face of the claim as offered by *Rice,* and that in the latter part of 1922 the attorney for the *O'Briens* advised defendant *Rice* that no settlement or adjustment could be made between the *O'Briens* and *Rice, Rice's* attorney alleging that as late as September 30, 1923, he was then advised that nothing could be done by way of settlement with the *O'Briens.*

After the hearing of such order to show cause on January 5, 1924, Judge GREGORY made an order on March 8, 1924, vacating the order of October 22, 1923, which had set aside the order of dismissal of September 18, 1922, and restraining the defendant *Rice* from taking further proceedings upon the judgment of November 8th. From such order the defendant *Rice* has appealed.

For the appellant there was a brief by *E. G. Rahr,* attorney, and *Fish, Marshutz & Hoffman* and *G. R. Hoffman,* of counsel, all of Milwaukee, and oral argument by *Mr. G. R. Hoffman* and *Mr. Rahr.*

For the respondents there was a brief by *Olwell & Brady* and *George A. Gessner,* all of Milwaukee, and oral argument by *Mr. Gessner.*

ESCHWEILER, J. The order dismissing the cause for want of prosecution, it then having been pending more than three terms in the circuit court, was a then proper disposition of the cause under the rules of said court. That the order of dismissal was not followed by formal order in writing or by a judgment of dismissal is, under the situation in this case, immaterial. The direction from the bench for a dismissal was the action of the court, was complete,

definite, final, and sufficient. *Allen v. Voje,* 114 Wis. 1, 8, 89 N. W. 924; *Wallis v. First Nat. Bank,* 155 Wis. 533, 537, 538, 145 N. W. 195; *Wehr v. Gimbel Brothers,* 161 Wis. 485, 486, 154 N. W. 972; *Will of Burghardt,* 165 Wis. 312, 314, 162 N. W. 317. Such order of dismissal ended the proceedings, removed the litigation from the court, and then terminated the action. *Wawrzyniakowski v. Hoffman & Billings Mfg. Co.* 137 Wis. 629, 632, 119 N. W. 350.

The effect of the *lis pendens* as notice to persons interested in the title to this real estate was of course lost on September 18, 1922, by the dismissal of the action of which the *lis pendens* as filed was notice. Although, as it appears from the affidavit of the defendant *Rice,* he knew in the latter part of 1922 that no adjustment of his claim was possible with the petitioners *O'Brien,* still no attention was paid to the proceedings in court until more than one year had elapsed from the dismissal of September 18th. In actions of this kind, affecting as they do the title to real estate and the possible rights of subsequent good-faith purchasers, a claimant asserting such a lien is bound in good faith and with reasonable diligence to prosecute his cause. *Glass v. Zachow,* 156 Wis. 21, 25, 145 N. W. 236. There was here exhibited lack of diligence in allowing the record to remain as it was for more than a year after September 18, 1922, and sufficient justification for the order here in question.

The order of October 22, 1923, purporting to set aside the dismissal order of September 18, 1922, was also properly set aside as an improvident proceeding for several reasons. It was obtained *ex parte,* without the filing of affidavits and without notice to any one concerned or interested. While the *O'Briens* were not at that time nominal parties to the action, yet the defendant *Rice* and his attorney knew that the *O'Briens* either had succeeded or were contemplating succeeding to the interest of the Riesens in the real

estate; yet no notice was given to either the *O'Briens* or to the Riesens either of the proposal to take the evidence on October 12th or of the motion of October 22d. That defendant *Rice* expected to bind the *O'Briens'* interest in the property which they had purchased on October 2d by the judgment of November 8th is apparent from the prompt notification to the *O'Briens* of the entry of such judgment and demand for its immediate payment. While as a matter of form the entry of the judgment without prior notice of intention to take the same, all the then parties to the record being either claimants whose liens had been paid or defendants who were in default, might successfully withstand an assault upon it if the case had been then properly pending, yet the entire situation as to failure to give such notices and the evident failure to inform either Judge HALSEY or Judge GREGORY in October and November, 1923, of the then situation of the *O'Briens* towards the property, were very proper considerations for the court in passing upon the equities involved in the hearing of the order here presented.

It is the evident language of secs. 2831 and 2832, Stats., relied upon by appellant, and respectively authorizing the enlargement of time within which certain proceedings in an action may be taken and permitting relief from orders entered through the mistake, inadvertence, surprise, or excusable neglect of a party, to require that in making application under either of such provisions affidavits shall be presented showing the grounds upon which such relief is to be asked. In the application to Judge GREGORY in October, 1923, for the vacating of his order of September, 1922, no record showing was made specifying the grounds upon which the claim for relief was based or of the reasons, if any, for the long delay and apparent laches on the part of defendant *Rice* in not learning of the dismissal of the action in the preceding year, or why the action had not been more diligently prosecuted, and why silence was maintained as to

the *O'Briens* succeeding to the interest of the Riesens. Therefore, as the record then stood and now stands, there was no proper showing made, under the statutes and rules of court, for the order of October 22, 1923, and the *ex parte* application of defendant *Rice* at that time could well have been and should have been then denied for want of proper showing. *Rymer v. Mart,* 168 Wis. 493, 496, 170 N. W. 714; *Kingsley v. Steiger,* 141 Wis. 447, 452, 123 N. W. 635.

Upon the entire record, therefore, the court below was justified, upon the grounds we have above stated, in finally determining that the order made October 22, 1923, was improvident and should not have been entered. That being so, there was no action pending in court at the time of the taking of the testimony before Judge HALSEY on October 12th, nor at the time of the entry of the judgment of November 8, 1923, and the defendant *Rice* was properly enjoined from taking further proceedings upon such form of judgment.

*By the Court.*—Order affirmed.