·WALTERMAN, Respondent, vs. VILLAGE OF NORWALK, Appellant.

*January 13—April 5, 1911.*

*Municipal corporations: Streets: ·Property rights of abutting owners: Transfer to municipality: When binding oñ successor ·in title: Notice: Right to have way unobstructed: Injunction: Public policy: Consideration: Sealed instrument: License, when revocable: Grant of easement: Construction of deed: Nuisance: Estoppel.*

1. The owner of a lot abutting on a public street may sell or give away his mere private property right to the use of that part of his premises within the boundaries of the street, including his right to have the way unobstructed; and may bind his successor in title, provided he alienates said property right in such a way as to charge such successor with notice of the incumbrance.

2. An instrument in writing, duly witnessed and under seal, executed by an abutting owner to the municipality, "on behalf of himself, his heirs, executors, and assigns," releasing all demands, actions, or causes of action which might result from the construction of a building for municipal purposes in the street in front of his premises, is binding upon him and upon his subsequent grantee who bought the land with full knowledge of the situation.

3. Such an agreement is not contrary to public policy as being a contract not to sue to vindicate the public right in the street.

4. One who has thus parted with his private property right in the adjoining street cannot thereafter maintain a private action against the municipality for a mandatory injunction to compel the way to be kept open and unobstructed.

5. An instrument formally executed under seal imports a consideration sufficient to support it.

6. A *written* license by the owner of land to another, privileging such other to use the licensor's land for some purpose, after being acted upon so that a loss would be inflicted upon the licensee by its withdrawal, is irrevocable. In this state only oral licenses are revocable under such circumstances.

7. The use of the words "remise, release and forever discharge," in a sealed instrument authorizing the construction of a building for municipal purposes in a public street adjacent to the grantor's premises, indicates an intention to give something more

than a mere license, and may fairly be construed as granting an easement in the land.

8. Instruments formally executed under seal, though not containing technical words of grant, should be construed as such when necessary to effect their manifest purpose.

9. An action by a private abutter to enforce his private right in the adjacent street, with which he has parted by formal conveyance in writing, does not raise the question of public nuisance or the question of estoppel as against public rights.

APPEAL from a judgment of the circuit court for Monroe county: CHESTER A. FOWLER, Judge. *Reversed.*

Action for a mandatory injunction. The findings of fact indicate the issues presented for determination. The substance thereof is as follows: In 1895, Eugene Sullivan owned and possessed lots 7, 8, 9, and 10 of block 3 of the village of *Norwalk*. Plaintiff acquired title thereto sometime before commencement of this action and ever since has continued to be the owner thereof. While Sullivan owned the lots the village board caused a building to be constructed for municipal purposes in the street in front thereof. Plaintiff was then a member of the board and participated in the proceedings in respect to the matter and consented thereto. Before constructing the building the board obtained from Sullivan a writing, duly witnessed and executed under seal, but not expressing any consideration, releasing, on behalf of himself and all persons who might claim under him, all demands, actions, or causes of action which might result from constructing the building as proposed. The paper was executed to afford the village authority, as regards the land owned by Sullivan, to obstruct the street by placing the building thereon. About eleven years after the building was constructed the village board passed a resolution to remove it from the street. Two days thereafter it rescinded the resolution. Some time thereafter plaintiff constructed a building on his land. Plaintiff demanded removal of the building from the street and it was refused. Thereafter this action was commenced.

Plaintiff has been damaged to the extent of $2 per month from the 1st day of January, 1907, or a total of $72, by reason of defendant's conduct.

Upon such facts the court decided that the instrument given by plaintiff's predecessor in title was void and no defense to the action; that plaintiff was not estopped by the acts of such predecessor, nor by his own participation in locating the building in the street, from equitably and rightfully demanding removal of the same; and that he was entitled to judgment requiring such removal and for $72 damages besides taxable costs. Judgment was entered accordingly in such form as the court directed.

For the appellant there was a brief by *Masters, Graves & Masters* and *C. W. Graves,* and oral argument by *R. B. Graves.*

*Daniel H. Grady,* of counsel, for the respondent, contended, *inter alia,* that a municipality has no right to the use of streets for the erection of municipal buildings. 27 Am. & Eng. Ency. of Law (2d ed.) 151; *First Nat. Bank v. Tyson,* 133 Ala. 459, 91 Am. St. Rep. 46; *State v. Mobile,* 5 Porter, 279, 30 Am. Dec. 564; *Lutterloh v. Cedar Keys,* 15 Fla. 306; *State ex rel. St. Louis U. S. Co. v. Murphy,* 134 Mo. 548, 56 Am. St. Rep. 515; *Savannah v. Wilson,* 49 Ga. 476; *Pettit v. Grand Junction,* 119 Iowa, 352, 93 N. W. 381; *Cooper v. Alden,* Harr. (Mich.) 72; *Att'y Gen. ex rel. Holtz v. Heishon,* 18 N. J. Eq. 410; *Harrisburg's Appeal* (Pa.) 10 Atl. 787; *O'Neal v. Sherman,* 77 Tex. 182, 19 Am. St. Rep. 743, 746; *Barrows v. Sycamore,* 150 Ill. 588, 41 Am. St. Rep. 400. The street having been platted and dedicated to the use of public travel, the village of *Norwalk* had no power to devote it to a different public use. *Fort Wayne v. L. S. & M. S. R. Co.* 132 Ind. 558, 32 Am. St. Rep. 277, 283; 20 Am. & Eng. Ency. of Law (2d ed.) 1188; *Kimball v. Kenosha,* 4 Wis. 321, 330; *Hibbard, S., B. & Co. v. Chicago,* 173 Ill. 91, 40 L. R. A. 621, 622. The municipality cannot authorize the

construction of a building within the limits of the highway
which in any manner interferes with the access or beneficial
enjoyment of the abutting lotowner.   Elliott, Roads & Streets
(2d ed.) § 653; 27 Am. & Eng. Ency. of Law (2d ed.) 149,
150.   A street cannot be vacated or abandoned by a proceed-
ing of this character.   27 Am. & Eng. Ency. of Law (2d ed.)
117; *Denver v. Girard,* 21 Colo. 447.   The so-called release
is nothing more than a release of damages accruing to the
grantor, and could only bind the party executing the same.
To give it any other effect would be to say that an abutting
owner could legalize the maintenance of a nuisance in the
highway.   *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 6; *Donohoo
v. Murray,* 62 Wis. 100, 103; *McFarland v. Lindekugel,* 107
Wis. 474, 477, 478; *Grand Rapids & I. R. Co. v. Heisel,* 47
Mich. 393; *Kimball v. Kenosha,* 4 Wis. 321, 330.   The
agreement permitting the municipality to maintain a public
nuisance is in violation of statute and is void as against pub-
lic policy.   Secs. 904, 1326, Stats. (1898); *James v. Dar-
lington,* 71 Wis. 173; *Ashland v. C. & N. W. R. Co.* 105 Wis.
398, 404; *Johnston v. Lonstorf,* 128 Wis. 17.   The doctrine
of estoppel cannot be invoked to sustain an unlawful act.
*Kingman v. Graham,* 51 Wis. 232; *Neubauer v. Gabriel,* 86
Wis. 200; *Priewe v. Wis. S. L. & I. Co.* 103 Wis. 537.   The
doctrine of estoppel is not applicable when public rights are
concerned.   Elliott, Elements of Mun. Corp. § 102; *Webb v.
Demopolis,* 95 Ala. 116, 21 L. R. A. 62, 63, 71.   No estop-
pel can arise from an act of a municipal corporation or its
officers in violation of or without authority of law, or even
*ultra vires* acts.   *Hibbard, S., B. & Co. v. Chicago,* 173 Ill.
91, 40 L. R. A. 621; *Stevens v. St. Mary's T. School,* 144 Ill.
336, 18 L. R. A. 832, 838; *Eichenlaub v. St. Joseph,* 113 Mo.
395, 18 L. R. A. 590, 593; *Baldwin v. Shill,* 3 Ind. App. 291,
29 N. E. 619; *Snyder v. Mt. Pulaski,* 176 Ill. 397, 44 L. R.
A. 407, 409; 16 Cyc. 781; *Webb v. Demopolis,* 95 Ala. 116,
21 L. R. A. 62.

The following opinion was filed January 31, 1911:

MARSHALL, J.    Assuming, for the moment, that the person under whom respondent claims title by grant or license in writing, privileged appellant to place the building on his land within the boundaries of the street, and that respondent subsequently, as the fact is, with full knowledge of the situation, came to the ownership of the premises, it is very difficult, if not impossible, to perceive any efficient reason why the surrender of the mere private right, which is the only one involved in this case, is not binding on him.    We know of no law, written or unwritten, nor any established public policy precluding a person from selling or giving away his mere private property right to the use of his premises within the boundaries of a street.    If there be no incompetency in that regard, nor infirmity in our assumption, it seems that the learned trial court erred in rendering the judgment complained of.

In view of the foregoing we turn to respondent's brief and argument in support of the judgment.    The greater part thereof, as well as the opinion of the trial court, we must say, has little or nothing to do with the precise question involved; that of whether one may efficiently part with his mere private property right in lands as an abutting owner on a street, including the right to have the way unobstructed.    We will refer briefly to the salient features of counsel's logic.    Most of the contentions, as will be seen, may be admitted without affecting the final result.

It is said that estoppel cannot operate to evade statutory requirements.    There is no question of estoppel, vital to this case.

Again it is suggested: The release is only binding on the one who made it.    Why so?    If one can grant to another the right to make some use of his land, necessarily he can bind his successor in title if he chooses to and executes his will so

as to charge such successor with notice of the incumbrance. What was the intent in this case? There can be no doubt about that. The language of the instrument, under which appellant claims, is about as free from ambiguity as could well be. The owner of the land at the time the privilege in question was given declared in the instrument executed to that end that it was on behalf of himself, his heirs, executors, and assigns. It seems too clear for discussion that such language includes and is as binding on respondent, who is admitted to have bought with a full knowledge of the situation, as on the person who signed it.

One who buys a lot abutting on a street, it is said, is entitled to judicial remedies to vindicate his private right to have the way kept open and unobstructed. Certainly, in the same sense that one is entitled to such a remedy to vindicate any violated remedial property right. But if a person sees fit to sell or give away such right and executes his purpose, he no longer possesses the requisite thing for the remedy to act upon. There can be no violated right originating after it has been parted with.

Next it is suggested that the instrument under which appellant claims is not binding because the essential of consideration is wanting. There are at least two efficient difficulties in the way of that cutting any figure. First, the instrument was formally executed under seal, and that imports a consideration sufficient to support it. Second, a written license by one to another privileging the latter to use the former's land for some purpose, after having been acted upon by the former so that a subsequent loss would be inflicted upon him by its withdrawal, is irrevocable. Mere privileges which are revocable after having been acted upon, are, in this jurisdiction, confined to oral licenses. *Thoemke v. Fiedler,* 91 Wis. 386, 64 N. W. 1030; *Huber v. Stark,* 124 Wis. 359, 102 N. W. 12. Moreover, the use in the instrument of the words, "remise, release, and forever discharge," etc., indicates pretty

clearly an intention to give something more than a mere license; to grant an easement in the land. Courts elsewhere have, so far as language would reasonably permit, construed instruments, formally executed under seal though not containing technical words of grant, as having been so intended when necessary to effect the manifest purpose. *Adee v. Nassau E. R. Co.* 65 App. Div. 529, 72 N. Y. Supp. 992. The drastic rule in New York was thus softened, which makes any mere license by a landowner to another to enjoy some privilege to use his premises, whether in writing or not, revocable at pleasure.

Next it is said an agreement respecting the maintenance of a public nuisance is void. Granted, but this action concerns private rights only.

Next it is contended that the doctrine of estoppel is not applicable to public rights. As said before, the doctrine of estoppel is not vital to this case. This may be taken as a sufficient answer to several contentions on the subject of estoppel.

Some other suggestions are made in the brief on the part of respondent which do not seem to call for more than passing recognition. No principle is invoked or judicial illustration of any principle which, when examined, impeaches or even questions, so far as we can see, the right of any one to grant away or part with by irrevocable license or lease his mere private rights, as was done in this case, and burden his property so that it will pass thus burdened to his vendee who takes with notice.

The learned circuit judge seems to have placed great reliance on authority that mere acquiescence in the creation of an obstruction in a street will not estop an abutting owner from successfully invoking the court to secure an abatement. That may be, and yet the abutter have no private right of action, especially in equity, where the obstruction is on his own land and was erected under a license or grant in writing. It

seems it was thought that the principle that one cannot make a binding contract as to judicial proceedings involving the public as a party interested, applies in plaintiff's favor.    We do not perceive any such connection.    The public was in no way prejudiced by the contractual transition of the mere property right.    Had no contract with reference to the matter been made and an action been brought to vindicate the private right, the public would not, in any sense, have been a party to the action so as to preclude plaintiff from contractually disposing of the action as he might see fit.    There could be no moral turpitude in such a matter as in the instances found in the books illustrative of the principle invoked,— such as a champertous contract, an agreement not to make any defense in a divorce action, and the like.    Moreover, the contract here had no reference to an action pending or impending, or threatened or proposed.    We apprehend that if a person should make a contract, which would be binding under ordinary circumstances, privileging another to locate a weighing scales or a fruit or news stand on his property within the boundaries of a street, he could not in face thereof successfully prosecute such other for trespassing upon his premises. A person's mere property right in the street is his to enjoy or part with as freely as any other such right.

The trial judge evidently relied on *Amestoy v. Electric R. T. Co.* 95 Cal. 311, 30 Pac. 550, and was misled thereby. That was an action to recover the promised compensation for not prosecuting defendant for an unlawful obstruction of the street.    The judgment below went in favor of defendant for insufficiency of the complaint.    It was affirmed upon appeal solely upon the ground that the pleading failed to show plaintiff had such special interest as to render him competent to sue the defendant for a private wrong, and, therefore, the case was to be viewed upon the theory that the agreement was not to sue to vindicate the public right and that such an agreement is against public policy.    Inferentially, the court held

that if the pleading disclosed that plaintiff contracted with reference to his mere private right as an abutter on the street the suit would be maintainable. That must be so, it seems, in case of an executed contract, and especially must the doors of equity be closed against a person who seeks to use its jurisdiction to enable him to successfully repudiate his having surrendered or burdened his mere private right.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the complaint with costs.

SIEBECKER and TIMLIN, JJ., dissent.

A motion for a rehearing was denied April 5, 1911.