SCHMOLDT, Appellant, vs. LOPER, Respondent.

*April 5—May 3, 1921.*

*Easements: Oral license to drain surface water: Permissive user:
Termination: Trial: Findings of fact: Form and sufficiency.*

1. Sec. 2863, Stats., requiring the filing of findings of fact and
   conclusions of law by the trial court, is not satisfied by the
   filing of an opinion containing a statement of evidentiary
   facts followed by a discussion of the law, as the ultimate
   facts in issue should be found in every case.  The failure
   to follow the statute, however, is not necessarily reversible
   error.

2. An oral license to drain surface water across the land of
   another does not create an easement, even though a valuable
   consideration is paid for it; and so long as the drainage was
   by permission of the landowner it could not ripen into an
   adverse use.

3. An oral license to drain surface water across the land of
   another is not assignable, is revocable at will, and terminates
   if either party dies or the licensor deeds his land to another.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge.  *Affirmed.*

Action to enjoin defendant from stopping up a drain that
conveyed surface water from plaintiff's land over that of the
defendant.   The latter counterclaimed for an injunction
restraining plaintiff from discharging surface water upon
his land.  Plaintiff's claim was founded upon adverse user.
The court found against him and entered judgment dis-
missing the complaint upon the merits and also dismissed
the counterclaim.  From such judgment the plaintiff ap-
pealed.

For the appellant there was a brief by *Hooper & Hooper*
of Oshkosh, and oral argument by *Moses Hooper.*

For the respondent there was a brief by *Duffy & McGal-
loway* of Fond du Lac, and oral argument by *F. Ryan Duffy.*

VINJE, J.   The trial court filed no findings of fact and
conclusions of law as the statute requires.   Sec. 2863,

Stats. Instead he filed an opinion of seven pages, four of which contained a statement of "evidentiary facts." At least that is what the court denominates them. It says: "From the evidentiary facts above stated must be drawn the inference of ultimate fact as to adverse possession that controls the case." The law of the case is then discussed with the result, as we understand it, that plaintiff failed to show continuous user by the same means for a consecutive period of twenty years. Part of the time it was by open ditches that were later filled up, and part of the time by tiling, and within the twenty years the use had been increased by new ditches draining new territory.

This method of disposing of court cases does not satisfy the call of the statute. In every case the ultimate facts in issue should be found. *Duncan v. Duncan,* 111 Wis. 75, 77, 86 N. W. 562; *Damman v. Damman,* 145 Wis. 122, 128 N. W. 1062. A statement of evidentiary facts is a mere digest of the evidence. The failure, however, to follow the statute in this respect is not necessarily reversible error. *Duncan v. Duncan, supra; Damman v. Damman, supra.* A perusal of the evidence shows that the court reached a result which the evidence would sustain if specifically found, namely, no adverse user for the required period of twenty years. But we need not affirm the judgment on this ground alone, because the undisputed evidence shows that whatever use there was was permissive all the time till defendant stopped up the drain, which act led to the commencement of this action. Plaintiff testified that he had an oral agreement with the former owner of defendant's land, one Pygall, who owned the land from 1865 till his death in 1916, when defendant succeeded to the title. The effect of such oral agreement was that plaintiff could drain surface water over Pygall's land. It further appears that plaintiff replaced a culvert on defendant's land, stating that he would do that much for enjoying the privilege of using defendant's ditches. It follows from this that the use was permissive.

An oral license for the purpose of draining surface water across the land of another does not create an easement even though a valuable consideration is paid for it.    And as long as a use under it is permissive it cannot ripen into an adverse one.    *Thoemke v. Fiedler,* 91 Wis. 386, 64 N. W. 1030; *Keystone L. Co. v. Kolman,* 94 Wis. 465, 470, 69 N. W. 165; *Huber v. Stark,* 124 Wis. 359, 102 N. W. 12; *Walterman v. Norwalk,* 145 Wis. 663, 130 N. W. 479.    Such license is not assignable, is revocable at will, and terminates if either party dies or the licensor deeds the land to another. *Braley v. Garvin,* 105 Wis. 625, 81 N. W. 1038.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J., dissents.