INTERSTATE FINANCE CORPORATION, Appellant, vs. DUNPHY, Respondent.

*October 10—November 4, 1941.*

For the appellant there was a brief by *Spohn, Ross, Stevens & Lamb* of Madison, and oral argument by *Francis Lamb*.

*John J. Fullerton* of Janesville, for the respondent.

WICKHEM, J.   The facts in this case are not in serious dispute.   Plaintiff is a corporation engaged in business of discounting conditional sales contracts on automobiles and loaning money with automobiles as security.   In April, 1938, plaintiff bought from Philip Doheny, automobile dealer in Janesville, a conditional sales contract on a Hudson automobile, Doheny being the vendor and defendant the vendee. There being default in the payment of instalments upon this contract a conference was had between plaintiff and Doheny, and it was disclosed to plaintiff that defendant had fully paid for the car, and that there had been no occasion for a conditional sales contract, although the genuineness of defendant's signature was asserted by Doheny.   In July, 1938, accompanied by Doheny, defendant came to Madison and signed a promissory note and a chattel mortgage upon the car for the balance due under the conditional sales contract.   Doheny made a few payments on this note and then defaulted, whereupon demand was made upon Dunphy, and upon his refusal plaintiff brought this action to replevy the automobile.

The first difficulty in this case arises out of the failure of the trial court to satisfy the statutory requirements of sec. 270.33, Stats., as to require it to file proper findings of fact and conclusions of law.   The trial court's decision contains two purported findings of fact but each is a plain conclusion of law.   Since this is conceded by respondent, as well as asserted by appellant, we see no reason to labor the point.

While the lack of findings is not necessarily reversible error, *Duncan v. Duncan,* 111 Wis. 75, 86 N. W. 562, this court may reverse for want of appropriate findings, *Jansen v. Huerth,* 143 Wis. 363, 127 N. W. 945. This court may affirm this judgment if "a perusal of the evidence shows that the court reached a result which the evidence would sustain if specifically found." *Schmoldt v. Loper,* 174 Wis. 152, 153, 182 N. W. 728.

We conclude that there is no evidence to sustain the defendant's charge of fraud or conspiracy to defraud. Plaintiff purchased a conditional sales contract on which defendant was apparently obligated and paid in full for the contract to Doheny who held it as conditional vendor. Upon finding that defendant had paid for the car and being also informed that he had signed the conditional sales contract it was the normal and natural thing for plaintiff to demand a conference with Dunphy. Dunphy appeared and without any misrepresentation by plaintiff, so far as we can discover in the record, signed a chattel-mortgage note and chattel mortgage. He claims that he supposed that he was guaranteeing only a few of the payments, but admits that he did not take the trouble to read the note and mortgage, and offers no explanation for his failure in this respect. He is a businessman in charge of important enterprises and does not occupy the position of an inexperienced or immature person. Neither do we discover any evidence of conspiracy. Plaintiff simply demanded from Doheny that he get defendant to sign a chattel mortgage and note for the balance of the payments, Doheny having explained that he had business transactions with defendant other than the one here involved by reason of which he might expect a favorable response from defendant. Defendant claims that the conditional sales contract was signed by him upon the misrepresentation by Doheny that it was some sort of report to the automobile manufacturer. It is plain, however, that when Doheny got into difficulties with plaintiff he ex-

plained to defendant that he had had to finance the car, that he wanted defendant to sign the chattel mortgage and note, and that he would mortgage his own property later on and take care of the amounts for which defendant would obligate himself. There is no evidence that Doheny acted as plaintiff's agent in these negotiations or that plaintiff took any part in them whatever. Furthermore, in so far as the note and chattel mortgage are concerned, Doheny's statements were promissory rather than factual. The foregoing compels the conclusion that a finding of fraud or conspiracy is against the great weight and clear preponderance of the evidence. Defendant knew that he had paid for the car and that he was simply signing as surety for Doheny. He claims to have supposed that he was thereby to guarantee only a portion of Doheny's obligation, but he failed without excuse to read the papers that he executed. There was no fraudulent representation by plaintiff as to the character of the papers signed and no attempt by defendant to seek reformation.

The other principal defense is that of want of consideration. . The promissory note imports consideration and that every person whose signature appears thereon became a party for value (sec. 116.29, Stats.). It being disclosed that defendant is an accommodation maker of the note he is liable to a holder for value (sec. 116.34). There is no evidence to rebut this presumption. Further than this, accepting a promissory note, either in payment or as security for a pre-existing debt, is value (sec. 116.30). That is precisely what appears to have happened in this case so far as the record discloses, with the added circumstance that extension of time was given to the principal debtor, the note being payable in future instalments. The burden was upon defendant to produce evidence to the contrary, and this he did not and doubtless could not do. The chattel mortgage is under seal and consideration is presumed. There is no evidence to rebut this presumption,

and furthermore the extension of time to Doheny was sufficient to support the chattel mortgage in any event.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment for plaintiff.