WOLFROM and others, Respondents, vs. ANDERSON and others, Defendants: SUMMERS, Appellant.*

*October 22—November 26, 1946.*

---

* Motion for rehearing denied, with $25 costs, on January 22, 1947.

*Joseph G. Page* of Janesville, for the appellant.

For the respondents there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs*.

FOWLER, J.    The case involves appeals from an interlocutory judgment designated as an order and three subsequent orders made in a partition suit.    More specifically the appeals are: (1) From a designated "order" dated March 6, 1946, ordering certain premises sold free and clear of a lease; (2) from an order made April 27, 1946, confirming sale made pursuant to said order and directing that the sheriff deliver possession of the premises to the purchaser; (3) from an order entered July 12, 1946, *nunc pro tunc* as of May 10, 1946, denying a motion to set aside the order of confirmation; (4) from an order entered June 15, 1946, disallowing a petition of Summers, a defendant in the action, praying that his rights be determined under the lease and in effect demanding that the premises be sold subject to his lease instead of free from it.

The respondents contend that the court is precluded from considering the case on the merits because the orders are not appealable.    The first in sequence of dates is that of March 6th.    This is not an order, but an interlocutory judgment, and such a judgment, though not the final act of the court in the course of the suit, is appealable.    Sec. 274.09, Stats.    It is contended that the judgment is not appealable because the appellant elected to accept damages instead of continued possession under a lease, but this goes to the merits of the appeal rather than to appealability.    *Pessin v. Fox Head Waukesha Corp.* 230 Wis. 277, 282 N. W. 582, is cited in support of this contention but it is not in point.    The appeal in that case was held not tenable because the order involved was not a final order after judg-

ment. The order of March 6th is not an order after judgment and is appealable for the reason above stated. The orders of July 12th, denying a motion to set aside the confirmation of the sale, that of June 15th, disallowing the claim of defendant Summers, and that of April 27th confirming the sale are orders after the interlocutory judgment. The three orders last above mentioned are orders finally disposing of Summers' claim and preventing another judgment from which an appeal might be taken and are appealable under subs. (1) and (2) of sec. 274.33, Stats.

The premises involved consist of sixty acres which by the will of Louis A. Wolfrom were devised to his wife, Katie Wolfrom during her life or until her remarriage, with provision that after her death or remarriage the tract, referred to in the will as "the homestead farm," should remain in the family and the income thereof should go after the wife's death or remarriage to the testator's daughters, Beulah Anderson and Ruby Dales, to share the income alike; with further provision that on Beulah's death one half of the tract should go to her children and on Ruby's death one half should go to her children. The testator's widow and the two daughters mentioned in the will are all living. The widow has never remarried. Ruby and Beulah have living children, and all are made parties herein. The action is in partition and is brought by the widow, one of the two daughters and her children, as plaintiffs, against the other daughter and her children and S. S. Summers who claims an interest as lessee under a five-year lease. No objection is made to partition by any party and no objection is made to the determination by the court that physical partition cannot be made and that the premises be sold and the proceeds be divided among the parties as their interests appear. No objection is made by any party to anything done, except that the defendant Summers objects to the sale of the land free from claim under his lease and insists that the sale should have been made subject to the lease.

As to the instrument claimed by Summers to be a lease and to be still in force as such, which we will hereinafter refer to as "the lease" regardless of whether strictly speaking, it is such, was executed on March 26, 1945. It is signed by the widow, Catherine Wolfrom, Beulah Anderson, and S. S. Summers. It purports to be an agreement between Summers as second party and the widow and the two daughters as first parties. It provides that:

"First party agrees to rent said farm to second party and second party agrees to pay for the same in cash the sum of $7 per acre per annum. This lease is to run for a period of five years.
"The rent for the first year to be paid as follows: $100 April 1, 1945, $100 July 1, 1945, and $220 October 1, 1945. Rent for each year after first to be paid as follows: $210 on April first and October first of each year."

There are no words of conveyance—that is, no words purporting presently to pass a leasehold estate to Summers.

The parties other than Summers contend that the instrument above stated is defective as a lease and that if it was valid as a lease, Summers forfeited his rights under it by nonpayment of the rent due April 1, 1946. However, we need not discuss these contentions at length because the trial judge filed a written "decision" in which he states:

"The property was sold at public sale, and such sale has been confirmed by order of the court, upon the hearing for confirmation. Mr. Joseph Page, attorney for Mr. Summers, stated in open court that he had no objection to such sale. He cannot now be heard to oppose the validity of the sale.
"It was also understood and agreed that the hearing on Mr. Summers' claim would be taken up at a later date, and any damages suffered by him would be determined and deducted so far as may be from the share of the parties against whose share in the proceeds of the sale such damages might be properly deductible.

"A date was set for such hearing, and the hearing held. Mr. Summers and his attorney appeared and took part in the hearing. No testimony or proof whatever was presented at that hearing as to the value of the lease or the damages suffered by Mr. Summers for its breach, if any. Mr. Summers paid the rent for the first year, but has neither paid nor tendered any further rent, so that he has breached the lease himself.

"There being no proof whatever as to the value of the lease or of the damages sustained by Mr. Summers having been presented, and from the fact that the claimant breached the lease himself by nonpayment of rent, the claim must be disallowed.

"It is therefore ordered and adjudged that the claim of S. S. Summers interposed herein be and the same hereby is disallowed."

The last paragraph above quoted constitutes the order covered by the decision. The recitals therein as to the consent of Summers to the sale of the land and his acceptance of damages, if any, by reason of the sale being free from his claims under the lease, are not in dispute in the record; also the statements therein of nonpayment of rent are undisputed and there is no proof of damages to Summers by reason of sale of the land free from claims under the lease. If the trial court had jurisdiction to order sale of Summers' leasehold interest we consider that under the recitals referred to Summers cannot now object that the sale of the land did not cut off his right to remain in possession of the land for the term of the lease assuming it to have been originally valid. He both lost his right to remain under his lease by nonpayment of rent, and elected as remedy for the wrong done him, if any, to accept recovery of his damages, and as he proved none his claim for redress was properly denied.

*By the Court.*—The judgment and orders appealed from are affirmed.

The following opinion was filed January 22, 1947:

Per Curiam *(on motion for rehearing)*. The appellant moves for a rehearing on the ground that the decision is based

on false statements of the trial court recited in its order dated June 15, 1946, that "the appellant consented to sale of the premises free from the lease," and "elected to accept damages, if any, by reason of the sale free from the lease."

As stated in the opinion of this court, *ante,* p. 437, 24 N. W. (2d) 881, these statements "are not in dispute in the record." We can only look to the record to determine the fact the appellant seeks to put in controversy by his motion. If the statements of the trial court are not correct and counsel wished so to claim on the appeal he should have had the trial court delete them from the order or have settled a bill of exceptions containing the entire proceedings upon which the order was based. He did neither. He must stand on the record as he saw fit to leave it.

The record consists of the order of the trial court referred to and a bill of exceptions consisting of two transcripts, each of testimony of "S. S. Summers only," one of testimony given on January 23, 1946, and the other of testimony given on May 10, 1946.

It thus appears that the entire proceedings on either of the two dates were not incorporated in the bill of exceptions relating thereto. There is therefore nothing in the bill inconsistent with the statement of the trial judge inserted at page 437 of the opinion and his statement must be taken as correct.

A recital in an order is equivalent to a finding. The rule applicable in case of findings and decisions of the trial court must be applied on appeals or this court will be acting other than as a court of review, to which its power on appeals is limited. As to the effect of findings and decisions of the trial court see *Parke, Austin & Lipscomb, Inc., v. Sexauer,* 204 Wis. 415, 417, 235 N. W. 785; *Will of Daniels,* 225 Wis. 502, 510, 274 N. W. 435; *Finkelstein v. Chicago & N. W. R. Co* 217 Wis. 433, 438, 259 N. W. 254.

The motion for rehearing is denied with costs.