SERVI and wife, Plaintiffs and Respondents, vs. DRAHEIM, Defendant and Appellant: MACHENSKI, Defendant and Respondent.

*January 20—March 8, 1949.*

For the appellant there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *R. E. Puchner*.

*Earl A. Korth* of Rhinelander, for the respondents Servi.

*Earl L. Kennedy* of Rhinelander, for the respondent Emma Machenski.

FRITZ, J.  The judgment under review adjudges the reformation of the description of land in a deed of conveyance dated May 16, 1936, by Emma Machenski to Mrs. Draheim. Under that description there is a partial overlapping of land described in a deed dated December 2, 1942, from Emma Machenski to the plaintiffs.   They allege in their complaint that the overlapping was due to a mistake in the description of the land which was intended by the parties to be conveyed by the deed of May 16, 1936.   Under the evidence upon the trial there were established facts which, as stated in the court's written decision and findings, are to the following effect: The land intended to be conveyed to Mrs. Draheim by Emma Machenski's deed of May 16, 1936, is part of a platted block designated as "Block C."   The north and south boundary lines of this block run due east and west and its east boundary line runs in a southeasterly direction between the northeast and southeast corners of the block.   All of block C was formerly owned by Mary Machenski who, on May 17, 1922,

conveyed the easterly seventy-five-feet-wide parcel thereof to Emma Machenski, and by another deed conveyed a sixty-feet-wide parcel immediately west of said easterly seventy-five-feet-wide parcel to Helen Mattke; and on August 29, 1927, she conveyed that sixty-feet-wide parcel to Emma Machenski. There is also a deed dated April 14, 1927, from Mary Machenski to Emma Machenski conveying a parcel described as:

"Commencing at the northeast corner of block C . . . ; thence west along the north line of said block, 81 feet; thence south to a point intersecting the south line of said block; thence east along the south line of said block, 127 feet to the southeast corner of said block; thence northwesterly on the east line of said block to the place of beginning."

The remaining west portion of block C, which was still owned by Mary Machenski when she died, was assigned in August, 1928, by a county court judgment, to the interpleaded defendant Anna Sawyer and on May 29, 1936, she conveyed to the interpleaded defendant Carl C. Schlecht a parcel extending one hundred fifty feet west from the northwest corner of the land which had been owned by Emma Machenski and for two hundred twenty feet south from the north line of block C.

The description in the deed of May 16, 1936, from Emma Machenski to Esther A. Draheim, reads:

"A piece of land described as follows: Commencing at the northeast corner of block C of the village of Woodruff, thence along the north line of said block, 135 feet; thence in a southerly direction on a line parallel with the east line of said block to a point of intersection with the south line of said block; thence east along said south line 60 feet; thence in a northerly direction, on a line parallel with the east line of said block, to a point of intersection with the north line of said block, *which said description makes a lot 60 feet in width with the full depth of said block; together with an easement in and to that certain private driveway located on the easterly side of the land above described,* to be used in

common by the grantee herein with the grantor herein, her heirs or assigns owning the property *adjacent to but easterly of the land above described. . . .*"

At the time of that conveyance there was a dwelling on the north portion of Emma Machenski's east parcel, which was seventy-five-feet-wide along the north boundary line of block C. Likewise there was a dwelling on said adjoining sixty-feet-wide parcel to the west.   And all of the driveway, as to which the easement was granted as stated in the above-italicized provision in the deed to Mrs. Draheim, was entirely on the west part of Emma Machenski's east parcel until, as the driveway ran southward between and beyond the two dwellings, there was a fork at which one branch of the driveway turned and continued westward several feet until it crossed the intended east boundary line of said sixty-feet-wide parcel. As Mrs. Draheim admitted in her testimony that when she was considering the purchase of the sixty-feet-wide parcel it was agreed and she knew that the driveway was not considered to be on the land which she intended to purchase, it is evident that the sixty-feet-wide parcel intended to be conveyed to her was not to extend so far to the east as to include any part of the driveway until at the place where the west branch thereof crossed the intended east line of said parcel.   At that place said line was considerably more than seventy-five feet west from the east line of Emma Machenski's remaining east parcel, which extended to the east boundary of block C.

Furthermore, the dwelling on the sixty-feet-wide parcel intended to be conveyed by the deed of May 16, 1936, was so situated that, if the boundary line between such parcel and Emma Machenski's adjoining east parcel had been intended to be a line seventy-five feet west of and parallel to the east boundary of block C, then the southwest portion of that dwelling would extend beyond the west line of the sixty-feet-wide parcel as described in the deed of May 16, 1936.   All of which indicates strongly that the parties thereto then considered

said intended east line to be where Emma Machenski testified it was to be located; and where, when it is so located, all of the dwelling is within the boundaries of the intended sixty-feet-wide parcel.

On December 2, 1942, Emma Machenski conveyed to the plaintiffs, George and Lois Servi, her east parcel of land in block C, which is described in the deed (so far as here material) as follows:

"Commencing at the northeast corner of block C . . . thence west along the north line of said block, 75 feet; thence south to a point intersecting the south line of said block; thence east along the south line of said block, 127 feet to the southeast corner of said block, thence northwesterly on the east line of said block to the place of beginning."

By thus describing the west boundary of the parcel conveyed there was a substantial overlapping of the westerly portion of the land thus described and the easterly portion of the land described in Emma Machenski's deed of May 16, 1936, to Mrs. Draheim. But the mistake which resulted in such overlapping was not discovered until, upon the execution of Emma Machenski's deed to plaintiffs on December 2, 1942, they applied to the Woodruff State Bank for a mortgage loan on the land. Then Mrs. Draheim refused to accept a deed executed by Emma Machenski under date of December 2, 1942, to correct the description in the deed of May 16, 1936, so that the land described therein would still be a parcel sixty feet in width with the full depth of the block, but the east boundary line would be as described in the correctional deed. Under the corrected description therein the intended west line of the sixty-feet-wide parcel conveyed to Mrs. Draheim is so far to the west that all of the dwelling, as well as most of a garage which was built by her and her husband, is on said parcel. And in relation to her knowledge as to such location of the intended east and west lines of said parcel there is also Mrs. Draheim's testimony to the following effect: That she

knew where Emma Machenski had pointed out and represented the west line to be and that she built the garage where Emma Machenski had said the west line was; that for the purpose of establishing the boundary line between their properties, Mrs. Draheim and her husband, in co-operation with Carl C. Schlecht, had planted a row of trees at approximately the same place where, prior to the deed of May 16, 1936, an old fence had existed immediately west of the west line of the sixty-feet-wide parcel as described in the correctional deed; that Mrs. Draheim used the land directly south of the garage as her garden and had considered it her land for several years before she found out in 1946 where the east line of block C was located; that about five feet east of the east side of her dwelling she planted a thirty-feet-long shrubbery hedge, which is approximately on the east line of the sixty-feet-wide parcel as described in the correctional deed; and that for two or three years after Emma Machenski conveyed the parcel described in her deed of December 2, 1942, to plaintiffs, they used for garden purposes a strip thereof along the south boundary for almost the entire width of one hundred twenty-seven feet, without any objection by Mrs. Draheim.

As the trial court stated, it is evident that Emma Machenski, at the time of the conveyance in question, considered her land as being two separate parcels with a dwelling on each; that the east parcel was seventy-five feet wide along the north boundary and one hundred twenty-seven feet wide along the south boundary of the block; that immediately west of said east parcel there was the sixty-feet-wide parcel which, at the time of the purchase by Mrs. Draheim, it was the intention of both parties should be conveyed to her; and that no title, right, or interest in said parcel was ever claimed by either Carl C. Schlecht or Anna Sawyer, who owned the adjacent land west of said sixty-feet-wide parcel. The court's findings and conclusions in relation to the physical conditions and intended boundary lines of said parcels in block C and the transactions

and conveyances in respect thereto warranted the court's adjudication that at the time of the conveyance by the deed of May 16, 1936, from Emma Machenski to Mrs. Draheim, it was their mutual intention to have said deed convey the sixty-feet-wide parcel described in paragraph No. 2 of the judgment and that said deed be and is reformed as provided in said paragraph; and also warranted the court's adjudication that the plaintiffs were at the commencement of this action and now are, the owners in fee simple of the parcel of land described in paragraph No. 1 of the judgment.

The contention of appellant that because the plaintiffs, George and Lois Servi, were not parties to the deed of May 16, 1936, the court could not adjudge the reformation thereof in this action cannot be sustained for the following reasons: During the proceedings in the trial court there was no objection or contention whatever that the court could not adjudge such reformation in this action because the plaintiffs were not parties to that deed. However, Emma Machenski as the grantor in said deed and Esther Draheim as the grantee therein were duly joined and appeared as defendants in the action; and by allegations in Emma Machenski's answer to plaintiffs' complaint, and also in her testimony on the trial, she admitted the facts which were alleged by plaintiffs in relation to the mistake in the description of the parcel intended to be conveyed by that deed and because of which the court rightly adjudged the reformation of the deed. Under those circumstances there were applicable the rules that a mere defect in matters of procedure is generally waived if the point is not raised specially and seasonably insisted upon in the trial court which has jurisdiction of the parties and the subject matter of the action (*Harrigan v. Gilchrist,* 121 Wis. 127, 233, 99 N. W. 909); and even though the pleadings are defective, if no objection thereto is taken prior to the trial and entry of judgment, and the court has jurisdiction of the necessary parties and the subject matter of the action, the defect may be

cured by the verdict or findings which are based on evidence on the trial which sustains the judgment. (*Joachim v. Madison Dental Clinic,* 216 Wis. 261, 257 N. W. 143.)

*By the Court.*—Judgment affirmed.