BROWN, Respondent, vs. SUCHER and another, Appellants.

*November 9—December 5, 1950.*

124

*Max Raskin* of Milwaukee, for the appellants.
*Sydney M. Eisenberg* of Milwaukee, for the respondent.

FAIRCHILD, J. The decision in the circuit court recognizes the purpose of the law with relation to labor disputes, and in accordance with that law protects the interests of the proprietor of a business operated by himself and so conducted that at the time there was neither a labor dispute nor room for one. The court had jurisdiction of the subject matter and jurisdiction of the parties, who appeared and submitted their defense on affidavits. *Servi v. Draheim,* 254 Wis. 356, 36 N. W. (2d) 273. The sufficiency of the pleadings was not challenged below, and the question submitted, as appears from the record, related entirely to the existence of a labor dispute. The decision by the court is a correct determination of the issue involved. The contention by the defendants that they were, in behalf of the union, seeking to unionize workers in the window-washing industry and therefore were engaged in peaceful picketing does not furnish them with sufficient cause to continue their course of picketing. We quote from Justice FRANKFURTER in his opinion in *International Brotherhood of Teamsters, Chauffeurs, etc., v. Hanke,* 339 U. S. 470, 477, 70 Sup. Ct. 773, 94 L. Ed. 995, the portion where he says: ". . . the union's interest . . . is far outweighed by the interests of individual proprietors and the people of the community as a whole, to the end that little businessmen and property owners shall be free from dictation as to business policy by an outside group having but a relatively small and indirect interest in such policy."

The learned circuit judge had no doubt about the lack of a labor dispute, and there was no demurrer to the sufficiency of the complaint. *Bovi v. Mellor,* 253 Wis. 458, 34 N. W. (2d) 780; *Mineral Point v. Davis,* 253 Wis. 270, 34 N. W. (2d) 226; *Servi v. Draheim, supra; Townsend v. La Crosse Trailer Corp.* 256 Wis. 609, 42 N. W. (2d) 164. The ruling was the granting of the restraining order "because the plaintiff conducts his own business without the employment of any person or persons who may be deemed a worker or employee

of said plaintiff." Quoting further from his memorandum decision, which may properly be treated as findings in this case, he says: "The following statutes of this state govern the parties at this time because no labor dispute exists as that term is defined by law." He also cites as authority secs. 103.535, 103.62, 111.02, particularly subs. (2), (3), (8), and (12), Stats.

As to the question raised by the appellant that no bond was required by the order of the court or furnished by the plaintiff: The record now before us, as amended, shows the existence of the bond and that the appellants are protected in that respect. The directions are set out in the statute with a view to the proper, orderly, and prompt conduct of the business, and no sufficient failure to obey those directions has resulted, or can result, in prejudice to the rights of those interested. The bond was required, but the appeal from the order was taken before the filing of the bond. Under the circumstances of this case it is considered that the act was sufficient and that the delay does not interfere with the accomplishment of the substantial purpose of the statute.

There was no issue created with respect to the existence of a labor dispute, and the steps taken below in the proceedings appear to have been as follows: An order to show cause was issued the 26th day of May, 1950, directing the defendants "to show cause, if any they have, why the defendants named herein should not be restrained from interfering with, picketing, or molesting in any way . . . the plaintiff in this action or his employees." That order was served and returnable before the Honorable GUSTAVE G. GEHRZ, who, on June 5, 1950, after reading the complaint and the affidavits in opposition, filed by the defendants, June 2, 1950, and after hearing the attorneys representing the parties, and being advised in the premises, ordered that the defendants desist and refrain from picketing, molesting, or interfering in any manner with the plaintiff in the lawful and proper conduct or

pursuit of his business, and rendered the decision which has been quoted.

We find no occasion for disturbing the ruling based on the contention that findings were not filed. There were in the decision findings sufficient to warrant the order as granted. The object of the statute in requiring findings of fact and conclusions of law is not only to show what was really adjudicated but also to facilitate a review of the case on appeal when the matter is challenged. *Dietz v. Neenah,* 91 Wis. 422, 64 N. W. 299, 65 N. W. 500. It may be conceded that the findings might have been more extensive or formal, but they are, nevertheless, direct and to the point. Certainly there is nothing lacking in the requirements in relation to findings necessarily creating reversible error, and the supreme court may affirm the judgment, because the record in any event submitted on appeal shows that the trial court reached a result sustained by the facts presented. *Interstate Finance Corp. v. Dunphy,* 239 Wis. 98, 300 N. W. 750. A review of the whole matter, including the decision, shows no confusion of issues nor does it leave in doubt what facts are controlling. *Nickel v. Theresa Farmers Co-operative Asso.* 247 Wis. 412, 20 N. W. (2d) 117; *Wolfrom v. Anderson,* 249 Wis. 433, 437b, 24 N. W. (2d) 881, 25 N. W. (2d) 880. In the last case it is said, "A recital in an order is equivalent to a finding."

It is not considered of particular moment in this case, but sec. 103.535, Stats., was evidently enacted in 1939 by ch. 25, Laws of 1939, subsequent to the ruling in the case of *Senn v. Tile Layers Protective Union,* 222 Wis. 383, 268 N. W. 270, 268 N. W. 872. In reference to the *Senn Case,* it was said by Justice FRANKFURTER (339 U. S. 470, 476): "In rejecting the claim that the restriction upon Senn's freedom was a denial of his liberty under the Fourteenth amendment, this court held that it lay in the domain of policy for Wisconsin to permit the picketing: 'Whether it was wise for the

state to permit the unions to do so is a question of its public policy—not our concern. . . .' This conclusion was based on the court's recognition that it was Wisconsin, not the Fourteenth amendment, which put such picketing as a 'means of publicity on a par with advertisements in the press. . . .' If Wisconsin could permit such picketing as a matter of policy it must have been equally free as a matter of policy to choose not to permit it and therefore not to 'put this means of publicity on a par with advertisements in the press.' " *International Brotherhood of Teamsters, Chauffeurs, etc., v. Hanke, supra.*

*By the Court.*—Order affirmed.

BROADFOOT, J., dissents.