[Civ. No. 27981. Second Dist., Div. Four. June 7, 1965.]

ANDREW J. VASTOLA et al., Plaintiffs and Appellants, v. AMALGAMATED CLOTHING WORKERS OF AMERICA, LOCAL 268, et al., Defendants and Respondents.

Hertzberg, Geretz & Leveton and David A. Leveton for Plaintiffs and Appellants.

Wirin, Rissman, Okrand & Posner, and Robert R. Rissman for Defendants and Respondents.

KINGSLEY, J.—Plaintiffs are the owners, respectively, of a small neighborhood dry cleaning establishment and of a coin-operated laundromat, both operated at the same address. They filed suit[1] to enjoin defendant union and its officers and affiliates from picketing their place of business as part of an effort to induce plaintiffs to sign a contract with the union. After a hearing, which included the consideration of conflicting affidavits and oral argument, a preliminary injunction was denied. The present appeal followed.

It is conceded that the picketing was lawful, and that it could not constitutionally be enjoined, if its purpose was to accomplish a legitimate union objective. Plaintiffs contend here that, in this case, the objective was not legitimate. They claim that they each operate a one-man business, without employees; that neither plaintiff has ever had an employee; that neither plaintiff contemplates having any employee in the future; and that there is no basis for anticipating that either will have an employee in the reasonably predictable future. Neither plaintiff is eligible for membership in defendant union. The contract tendered to them is, thus, what is usually known as a ''prehire'' contract, under which the employer agrees that, when, as and if he hires employees, the hiring will be on the terms set out in the contract. In the present instance, the contract involved is of the so-called ''union shop'' type— i.e., the employer may hire a nonunion worker, but the worker so hired must join the union within a specified period after his employment.

Resting their position primarily on three cases from other states,[2] plaintiffs ask us to declare, as a matter of first impression in California, that, in a purely intrastate business, a union may not engage in peaceful picketing in order to secure adherence by an employer to a prehire contract where there is no history of employees and the proprietor is himself ineligible for union membership.

The question is interesting, and involves serious questions of public policy. But the issue urged on us is not presented by the facts before the trial court. The counterdeclarations filed by the defendants allege: (a) that plaintiff Vastola orig-

---

[1] No issue as to the propriety of joinder as parties plaintiff of two businessmen who claim to be independent in their operation was raised in the trial court; we do not decide it.

[2] *Baker* v. *Retail Clerks International Protective Assn.* (1942) 313 Ill.App. 432 [40 N.E.2d 571]; *Grimaldi* v. *Local No. 9, Journeymen Barbers, etc. International Union* (1959) 397 Pa. 1 [153 A.2d 214]; *Brown* v. *Sucher* (1950) 258 Wis. 123 [45 N.W.2d 73].

inally owned and operated both businesses, with plaintiff Kaufman as an employee, and that the purported sale of the laundromat to Kaufman is a sham; and (b) that both plaintiffs have, at various times, employed helpers, at least on a part-time basis. Some support for the latter contentions is also found in the declaration of plaintiffs' counsel wherein he recounts his version of the unsuccessful negotiations between plaintiffs and the union which preceded the filing of the present action.

■ It is settled that a union may picket in order to secure a union shop contract (*Messner* v. *Journeymen Barbers etc. International Union* (1960) 53 Cal.2d 873 [4 Cal.Rptr. 179, 351 P.2d 347]) ; and it is not here contended that a prehire agreement may not legitimately be sought where the history of the employer, and the nature of his business, make the existence of employees in the future a reasonable prospect.

On appeal, counsel for plaintiffs argues that a reading of the long colloquy between him and the trial judge shows that the decision below was based on that judge's view that a union may lawfully picket for a prehire union shop contract even though there are no past, present, or prospective employees. However, we review the order, and not the reasons for the order. ■ With a square conflict as to the facts about the past history and present status of plaintiffs' businesses, a proper exercise of discretion would dictate a policy of non-interference with peaceful picketing until the true picture could be developed at a trial on the merits, with the oral testimony of witnesses subjected to cross-examination and to the observation of a trial judge.

The order is affirmed.

Files, P. J., and Jefferson, J., concurred.